1 Christopher S. Marchese (SBN 170239)
marchese@fr.com
2 FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
3 Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099
4
John W. Thornburgh (SBN 154627)
5 thornburgh@fr.com
Madelyn S. McCormick (SBN 320063)
6 mmccormick@fr.com
FISH & RICHARDSON P.C.
7 12860 El Camino Real, Suite 400
San Diego, CA 92130
8 Tel: (858) 678-5070 / Fax: (858) 678-5099
9 Attorneys for Plaintiffs
*Dolby Laboratories, Inc.*
10 *Dolby Laboratories Licensing Corp.*
*and Dolby International AB*
11
12                IN THE UNITED STATES DISTRICT COURT
13        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
14

| | |
|---|---|
| DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC. AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br>Defendant. | Case No. 2:26-cv-02269<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL ONLY TO THE EXTENT THERE ARE ANY ISSUES TRIABLE TO A JURY AND OTHERWISE REQUEST A BENCH TRIAL** |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DECLARATORY JUDGMENT

1    Dolby Laboratories, Inc. ("Dolby Laboratories"), Dolby Laboratories

2  Licensing Corporation ("Dolby Licensing"), and Dolby International AB ("Dolby

3  International") (collectively, "Dolby"), by and through undersigned counsel, hereby

4  file this Complaint for a Declaratory Judgment against Defendants InterDigital, Inc.

5  and InterDigital Madison Patent Holdings, SAS (collectively, "Interdigital"), and

6  allege as follows:

**PRELIMINARY STATEMENT**

7

8    1.    Dolby seeks a declaration of non-infringement and invalidity of U.S.

9  Patent No. 9,185,268, referred to as the "'268 Patent."

10    2.    Neither Dolby, Dolby Vision, nor its customers using Dolby Vision

11  infringe or have infringed, either directly or indirectly, any claim of the '268 Patent.

12  In addition, the '268 Patent is invalid.

13    3.    Dolby seeks this relief because InterDigital has targeted Dolby by suing

14  Dolby's downstream customer The Walt Disney Company ("Disney") and related

15  Disney entities in this District and accuses them of infringing the '268 Patent by virtue

16  of their alleged use of Dolby's product, Dolby Vision, in creating content for various

17  Disney video streaming products such as Disney+ and Hulu.  InterDigital sued Dolby

18  customer Disney and related Disney entities in this District.  *See InterDigital, Inc. et*

19  *al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.),

20  Dkt. No. 1 (the "Disney Complaint").  InterDigital alleges, among other things, that

21  Disney's use of Dolby Vision infringes the '268 Patent.  *See, e.g.*, Disney Complaint,

22  ¶¶ 523–48.

23    4.    InterDigital has recently expanded its enforcement campaign beyond the

24  Disney action and has now targeted several additional Dolby customers in no less than

25  seven separate actions in multiple jurisdictions across the country based on their use

26  of Dolby Vision.  InterDigital has pursued a coordinated enforcement campaign

27  targeting Dolby's product by suing other downstream customers, accusing these

28  customers of infringing various patents in various forums by virtue of their alleged

1    use of Dolby Vision.  For example, in addition to filing the Disney Complaint,

2    InterDigital has sued Dolby's customers Amazon.com Services LLC, TCL Industries

3    Holdings Co., Ltd. *et al.*, and Hisense Co., Ltd. *et al.*, in the United States alleging

4    that Dolby's customers' use of the Dolby Vision product infringes various patents.

5          5.      Over the past few months, InterDigital has filed actions in several district

6    courts and the International Trade Commission ("ITC"), each of which includes at

7    least one patent directed at Dolby Vision:

8         •   November 2025: *InterDigital, Inc. et al. v. Amazon.Com Services LLC*,

9             No. 1:25-cv-01365-GBW (D. Del.), Dkt. No. 1 (the "Amazon DE

10            Complaint");

11        •   December 2025: *InterDigital, Inc. et al. v. Amazon.Com Services LLC*,

12            No. 2:25-cv-00822-AWA-DEM (E.D. Va.), Dkt. No. 1 (the "Amazon

13            EDVA Complaint");

14        •   December 2025: *Certain Video-Capable Electronic Devices*, Inv. No.

15            337-TA-1481 (U.S. Int'l Trade Comm'n), Complaint (the "Amazon ITC

16            Complaint");

17        •   February 2026: *InterDigital, Inc. et al. v. TCL Industries Holdings Co.,*

18            *Ltd. et al.*, No. 2:26-cv-00101-JRG (E.D. Tex.), Dkt. No. 1 (the "TCL

19            EDTX Complaint");

20        •   February 2026: *InterDigital, Inc. et al. v. Hisense Co., Ltd. et al.*,

21            No. 1:26-cv-00754-SEG (N.D. Ga.), Dkt. No. 1 (the "Hisense NDGA

22            Complaint"); and

23        •   February 2026: *Certain Video-Capable Electronic Devices, Including*

24            *Smart Televisions, Monitors, and Components Thereof*, Inv. No. 337-

25            TA-3889 (U.S. Int'l Trade Comm'n), Complaint, (the "Amazon

26            TLC/Hisense Complaint")

27    (collectively, the "Customer Complaints").

28

COMPLAINT FOR DECLARATORY JUDGMENT

6.      Each of InterDigital's Customer Complaints is accompanied by purported infringement claim charts, and at least one of those claim charts in each of the Customer Complaints alleges infringement based on Dolby's customers' use of Dolby Vision.  The claim charts for three of the patents purportedly map the claim elements against Dolby Vision, citing Dolby Vision technical materials.

7.      InterDigital's enforcement campaign against Dolby's customers also extends to global forums.  For example, InterDigital sued Disney in Munich Regional Court, asserting Disney infringed a European counterpart to the '268 Patent, EP2132923 ("Germany Injunction Suit").  As part of the Germany Injunction Suit, InterDigital sought and received an injunction in November 2025 against Disney's use of implicated technology, which, on information and belief, led Disney to disable Dolby Vision in Germany.

8.      InterDigital's actions and allegations, including multiple lawsuits against Disney related to incorporation and use of Dolby Vision, have injured and continue to injure Dolby's business and business relationships thereby creating a concrete, actual, and immediate justiciable controversy between Dolby and InterDigital.

9.      InterDigital's actions and allegations against Dolby Vision have expanded significantly over the past few months, leading Dolby to take affirmative action now against InterDigital and its attacks on Dolby Vision.  This declaratory judgment action, which is directed at the '268 Patent, will simplify the Disney action if the Court severs the '268 Patent from the Disney action and stays the claim against Disney for alleged infringement of the '268 Patent while this declaratory judgment action proceeds with respect to the manufacturer, Dolby.

10.     Dolby is concurrently filing a declaratory judgment action in this Court for non-infringement of the five additional patents InterDigital has asserted against Dolby Vision in the Customer Complaints.  The complaints for each of the other five patents were filed after the Disney Complaint for the '268 Patent, and they have thus been included in a separate declaratory judgment action.

COMPLAINT FOR DECLARATORY JUDGMENT

11.     Accordingly, Dolby brings this case to defend its technology, to clear InterDigital's allegations that Dolby and its product Dolby Vision infringe the '268 Patent, and to protect its customers, including Disney, from baseless claims of patent infringement.  Dolby seeks a judicial declaration that Dolby, its product Dolby Vision, and the use of Dolby Vision as instructed by Dolby, does not infringe the '268 Patent directly or indirectly.

**PARTIES**

12.     Plaintiff Dolby Laboratories is a Delaware corporation with its headquarters at 1275 Market Street, San Francisco, California 94103.  Dolby Laboratories develops and owns the Dolby Vision technology.

13.     Plaintiff Dolby Licensing is a New York corporation with its headquarters at 1275 Market Street, San Francisco, California 94103.  Dolby Licensing is an indirect, wholly-owned subsidiary of Dolby Laboratories.  Dolby Licensing licenses Dolby Vision to third parties.

14.     Plaintiff Dolby International is a Swedish private limited company with its headquarters at 77 Sir John Rogerson's Quay, Spaces South Docklands, Dublin D02 VK60, Ireland.  Dolby International is an indirect, wholly-owned subsidiary of Dolby Laboratories.

15.     On information and belief, Defendant InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.  Also on information and belief, InterDigital makes no products, including products that embody the claims of the '268 Patent, and acquired the '268 Patent rather than developing the '268 Patent technology itself.

16.     On information and belief, Defendant InterDigital Madison Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017, and is a wholly owned subsidiary of InterDigital, Inc.

COMPLAINT FOR DECLARATORY JUDGMENT

## JURISDICTION AND VENUE

17.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Dolby, on the one hand, and InterDigital, on the other hand, for declaratory judgment of patent non-infringement and invalidity.

19.     This Court has personal jurisdiction over InterDigital at least because InterDigital has purposely conducted its patent enforcement activities in California and this District in particular, including by filing its lawsuit in the Central District of California where it has targeted and alleged infringement of the '268 Patent based on the use of Dolby Vision by Dolby's customer, Disney.  *See InterDigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.), Disney Complaint, ¶¶ 523–48.  InterDigital has further purposefully availed itself of this forum by compelling discovery directly from Dolby in California concerning Dolby Vision as part of its enforcement campaign.  Further, InterDigital knew or should have known that its infringement allegations against Disney and Dolby Vision would cause harm to Dolby in California, where Dolby is headquartered and where Dolby designed, developed, licenses, and supports Dolby Vision.

20.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and/or 1391(c) because the events giving rise to Dolby's claim—suing Dolby's customer Disney for alleged infringement of the '268 Patent based on the use of Dolby Vision— occurred in this District, and because InterDigital is subject to personal jurisdiction in this District at least based on its suit against Disney for alleged infringement of the '268 Patent.  In addition, Dolby incorporates the statements in Paragraph 19.

## FACTUAL BACKGROUND

21.     Dolby Vision is a high dynamic range ("HDR") video technology developed and owned by Dolby Laboratories.  Dolby Licensing makes Dolby Vision

COMPLAINT FOR DECLARATORY JUDGMENT

1    available to third parties through licensing arrangements under which customers

2    implement the technology in their products and services in accordance with Dolby's

3    specifications.

4      22. In its complaint against Disney, InterDigital Madison Patent Holdings,

5    SAS alleged that it owns all rights, title, and interest in the '268 Patent, and alleged

6    that it holds all substantial rights pertinent to this suit, including the right to sue and

7    recover for all past, current, and future infringement.  Disney Complaint, ¶ 525.

8      23. InterDigital's complaint against Disney attached a claim chart for the

9    '268 Patent that squarely and expressly targets Dolby's "Dolby Vision workflow,"

10    accusing Disney of infringing the '268 Patent solely by virtue of Disney's

11    incorporation and use of Dolby Vision in the "Disney Accused Instrumentalities" (i.e.,

12    "Disney+, Hulu, Hulu Live (sometimes referred to as Hulu+ Live TV), and ESPN+").

13    *See* Disney Complaint, ¶ 39; **Exhibit 2** at 2 (Disney Complaint '268 Patent purported

14    infringement claim chart).

15      24. InterDigital's claim chart attached to the Disney Complaint confirms that

16    InterDigital's infringement allegations are directed solely at Dolby Vision.

17    InterDigital alleges that "[t]he Disney Accused Instrumentalities perform a method

18    for color correcting" because "the Disney Accused Instrumentalities are color

19    corrected using Dolby Vision," and asserts that "[t]he following citations provide

20    evidence of the Dolby Vision workflow, which is used by the Accused

21    Instrumentalities."  *See* **Exhibit 2** (Disney Complaint '268 Patent purported

22    infringement claim chart).  InterDigital's contentions further allege infringement

23    based on "Dolby Vision workflow perform[ing] a color correction on source picture

24    content."  *Id.* at 4.  To support these allegations, InterDigital's claim chart expressly

25    and repeatedly cites ***only*** Dolby documentation and materials drawn from Dolby's

26    website.  For every claim element, InterDigital's contentions are based on Dolby

27    documentation describing how Dolby Vision works, relying solely on "evidence of

28    features supported by Dolby Vision and its workflow."  *Id.* at 2.  InterDigital does not

COMPLAINT FOR DECLARATORY JUDGMENT

allege in its complaint or claim chart that Disney uses Dolby Vision in any manner outside Dolby's specifications or licensing instructions, but instead attributes the alleged infringement of the '268 Patent solely to the use of Dolby Vision as provided by Dolby.

25.    Dolby will comply with existing contractual indemnity obligations to Disney.

26.    InterDigital's conduct outside the four corners of the Disney Complaint further confirms that Dolby—not its customer—is the focus of InterDigital's infringement allegations concerning the '268 Patent.  In connection with its enforcement efforts, InterDigital has issued two third-party subpoenas to Dolby entities seeking documents and information relating to Dolby Vision and the '268 Patent, including the Dolby Vision source code.  Dolby has produced Dolby Vision source code, and InterDigital has inspected that code.  InterDigital's decision to compel discovery directly from Dolby, including demanding its source code and technical documentation, confirms that InterDigital's enforcement efforts with regard to the '268 Patent are directed at Dolby and Dolby Vision, not at Disney.

27.    As shown by the claim-chart allegations and Dolby focused discovery, InterDigital's infringement theory is aimed at Dolby and Dolby Vision and its ordinary, intended implementation by Dolby's customers.  Those allegations, together with InterDigital's procurement of the injunction in the Germany Injunction Suit, create a definite and concrete, real and immediate dispute between Dolby and InterDigital as to whether Dolby Vision, as provided and instructed by Dolby, infringes the '268 Patent.  InterDigital has created a reasonable apprehension that InterDigital will assert that Dolby directly infringes the '268 Patent by making, using, and/or offering for sale Dolby Vision.  InterDigital's allegations that "the Disney Accused Instrumentalities are color corrected *using* Dolby Vision" and that "the Dolby Vision *workflow* . . . is used by the Accused Instrumentalities" also give Dolby a reasonable apprehension that InterDigital will contend that Dolby is liable for

COMPLAINT FOR DECLARATORY JUDGMENT

1　induced and/or contributory infringement under 35 U.S.C. § 271(b) and (c).  Dolby

2　has been aware of the '268 Patent since before the filing date of this complaint.

3　InterDigital's targeting of Dolby Vision also creates a reasonable apprehension that

4　InterDigital will sue additional Dolby Vision customers based on their use of Dolby

5　Vision, potentially triggering other indemnity obligations.

6　　　　28.　　As stated above, InterDigital has sued other Dolby customers for their

7　use of Dolby Vision (Amazon, TCL, and Hisense), alleging that certain patents

8　asserted in the Customer Complaints are infringed due to the customers' use of Dolby

9　Vision.

10　　　　29.　　Neither Dolby, Dolby Vision, nor its customers using Dolby Vision

11　infringe or have infringed, either directly or indirectly, any claim of any of the '268

12　Patent.  In view of InterDigital's allegations that Dolby Vision (or its use) infringes

13　or will infringe the '268 Patent, a substantial controversy exists between the parties

14　which is of sufficient immediacy and reality to warrant declaratory relief.

## THE ASSERTED PATENT

16　　　　30.　　On November 10, 2015, the United States Patent and Trademark Office

17　issued the '268 Patent, titled "Methods and Systems for Displays with Chromatic

18　Correction with Differing Chromatic Ranges" to purported named inventors Ingo

19　Tobias Doser, Jurgen Stauder, and Bongsun Lee.  On information and belief, and

20　assuming maintenance fees have been paid, the '268 Patent has not expired.  A true

21　and correct copy of the '268 Patent is attached as **Exhibit 1**.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '268 Patent)

24　　　　31.　　Dolby incorporates by reference the foregoing paragraphs and

25　allegations as if fully set forth herein.

26　　　　32.　　In the Disney Complaint, InterDigital alleged that Disney infringes "at

27　least one method claim of the '268 Patent, including claims 1–11, by encoding the

28　Accused Instrumentalities' content" through use of Dolby Vision.  *See* Disney

8

COMPLAINT FOR DECLARATORY JUDGMENT

1    Complaint at ¶¶ 543–48; **Exhibit 2** (Disney Complaint '268 Patent purported

2    infringement claim chart).

3            33.    Contrary to InterDigital's allegations, neither Dolby Vision nor its use

4    infringes (or has infringed) any of the asserted claims of the '268 Patent.

5            34.    The first asserted independent claim of the '268 Patent (Claim 1) is

6    reproduced below:

| Limitation | Claim Language |
| --- | --- |
| 1[Preamble] | A method for color correcting, comprising: |
| 1[a] | performing color correction on source picture content, using at least one of a non-reference type display having a non-reference color gamut |
| 1[b] | and a reference type display having a reference color gamut, |
| 1[c] | wherein said performing step comprises: mastering the source picture content to provide mastered color corrected picture content for display on the non-reference type displays having a non-reference color gamut; |
| 1[d] | and generating metadata for a color gamut mapping that color transforms the mastered color corrected picture content for display on reference type displays having a reference color gamut, |
| 1[e] | wherein the source picture content is mastered only for the non-reference type displays having the nonreference color gamut. |

        35.    Neither Dolby Vision nor its use satisfies at least limitation 1[c], 1[d], or

1[e] of the '268 Patent.  Neither Dolby Vision nor its use involves the claimed

mastering source picture content to provide mastered color corrected picture content

for display on the non-reference type displays having a non-reference color gamut.  In

addition, neither Dolby Vision nor its use involves the claimed generating metadata

for a color gamut mapping that color transforms the mastered color corrected picture

COMPLAINT FOR DECLARATORY JUDGMENT

content for display on reference type displays having a reference color gamut. And neither Dolby Vision nor its use involves the claimed source picture content being mastered only for the non-reference type displays having the nonreference color gamut.

36.    The other asserted independent claim of the '268 Patent (Claim 6) is reproduced below:

| Limitation | Claim Language |
| --- | --- |
| 6[Preamble] | A method for color correcting, comprising: |
| 6[a] | performing color correction on source picture content, using at least one of a non-reference type display having a non-reference color gamut |
| 6[b] | and a reference type display having a reference color gamut, |
| 6[c] | wherein said performing step comprises: mastering the source picture content to provide mastered color corrected picture content for display on the non-reference type displays having a non-reference color gamut; |
| 6[d] | mastering the source picture content to provide mastered color corrected picture content for display on the reference type displays having a reference color gamut, using a color gamut mapping applied to the mastered color corrected picture content for display on the non-reference type displays having the nonreference color gamut. |

37.    Neither Dolby Vision nor its use satisfies at least limitation 6[c] or 6[d] of the '268 Patent.  Neither Dolby Vision nor its use involves the claimed mastering the source picture content to provide mastered color corrected picture content for display on the non-reference type displays having a non-reference color gamut.  In addition, neither Dolby Vision nor its use involves the claimed use of color gamut

10
COMPLAINT FOR DECLARATORY JUDGMENT

1  mapping applied to the mastered color corrected picture content for display on the
2  non-reference type displays having the nonreference color gamut.

3      38.    The asserted dependent claims 2-5 and 7-11 are not infringed for at least
4  the reasons stated above in Paragraphs 35 and 37.

5      39.    To the extent InterDigital would assert the claims that are not currently
6  asserted in the Disney action (i.e., claims 12-30), Dolby Vision also does not infringe
7  these non-asserted claims.

8      40.    Based on the foregoing, an actual controversy has arisen and now exists
9  between Dolby and InterDigital regarding the alleged infringement of the '268 Patent
10  by Dolby Vision or its use that warrants issuance of a declaratory judgment pursuant
11  to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 that neither Dolby nor its customers
12  by virtue of using Dolby Vision have infringed the '268 Patent.

13      41.    Dolby seeks and is entitled to a declaratory judgment that Dolby and
14  Dolby Vision—including use of Dolby Vision—does not infringe under 35 U.S.C.
15  § 271 (or any sub-section thereof) any claim of the '268 Patent. Such a determination
16  and declaration are necessary and appropriate at this time to resolve the parties'
17  dispute regarding alleged infringement of the '268 Patent.

18                          **COUNT II**

19          **(Declaratory Judgment of Invalidity of the '268 Patent)**

20      42.    Dolby incorporates by reference the foregoing paragraphs and
21  allegations as if fully set forth herein.

22      43.    The claims of the '268 Patent are invalid for failing to meet the
23  requirements of Title 35 of the United States Code, including without limitation, one
24  or more of §§ 101, 102, 103, and 112, improper inventorship, the doctrine of
25  obviousness-type double patenting, and/or pursuant to other judicially created or non-
26  statutory requirements for patentability and/or equitable doctrines.

27      44.    As one example, the claims of the '268 Patent are invalid for anticipation
28  under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in light of prior art

that published or was otherwise available to the public before the earliest possible priority date of the '268 Patent.

45.    For example, and without limiting the grounds of invalidity or invalidating prior art that will be asserted in this action, the following prior art references anticipate and/or render obvious each and every claim of the '268 Patent either alone or in combination: International Pat. Pub. No. WO 2006/050305 ("Sterling"); U.S. Pat. App. Pub. No. 2008/0195977 ("Carroll"); U.S. Pat. No. 8,055,070 ("Bassi"); U.S. Pat. No. 7,221,374 ("Dixon"); U.S. Pat. No. 5,930,009 ("Sato"); U.S. Pat. No. 7,729,008 ("Holub"); U.S. Pat. No. 8,130,235 ("Marcinkiewicz"); Dongil Han, *Real-Time Color Gamut Mapping Method for Digital TV Display Quality Enhancement*, 50 IEEE Transactions on Consumer Electronics 691, 691-98 (2004) ("Han"); U.S. Pat. App. Pub. No. 2002/0027603 ("Kuwata"); U.S. Pat. App. Pub. No. 2005/0128539 ("Takano"); U.S. Pat. App. Pub. No. 2006/0262224 ("Ha"); Japanese Pat. App. Pub. No. JP 2006-148605 ("Ahihara"); Japanese Pat. App. Pub. No. JP H07-250346 ("Nakamura").

46.    Based on the foregoing, an actual controversy has arisen and now exists between Dolby and InterDigital regarding the validity of the '268 Patent that warrants issuance of a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* that the '268 Patent is invalid.

47.    Dolby seeks and is entitled to a declaratory judgment that all claims of the '268 Patent are invalid.  Such a determination and declaration are necessary and appropriate at this time to determine the rights and obligations of the parties.

## **PRAYER FOR RELIEF**

WHEREFORE, Dolby respectfully requests:

a)    that the Court enter a judgment declaring that Dolby, Dolby Vision, and use of Dolby Vision, including by Dolby's customers, has not infringed (directly, indirectly, and under the doctrine of equivalents) and does not infringe (directly, indirectly, and under the doctrine of equivalents) the '268 Patent;

COMPLAINT FOR DECLARATORY JUDGMENT

b)    that the Court enter a judgment declaring that the '268 Patent is invalid;

c)    that the Court find this case and InterDigital's actions directed to Dolby and its customers and partners to be exceptional and award Dolby its attorneys' fees under 35 U.S.C. § 285; and

d)    that the Court award all other and further relief as it deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury only to the extent there are any issues triable to a jury and otherwise request a bench trial on the equitable issues raised by the declaratory judgment claims.

1    Dated: March 3, 2026              FISH & RICHARDSON P.C.

2                                      */s/ Chris S. Marchese*
3                                      Christopher S. Marchese (SBN 170239)
                                       marchese@fr.com
4                                      FISH & RICHARDSON P.C.
                                       4695 MacArthur Court, Suite 1100
5                                      Newport Beach, CA 92660
                                       Tel: (949) 623-7640
6                                      Fax: (858) 678-5099

7                                      John W. Thornburgh (SBN 154627)
                                       thornburgh@fr.com
8                                      Madelyn S. McCormick (SBN 320063)
                                       mmccormick@fr.com
9                                      FISH & RICHARDSON P.C.
                                       12860 El Camino Real, Suite 400
10                                     San Diego, CA 92130
                                       Tel: (858) 678-5070 / Fax: (858) 678-
11                                     5099

12

13                                     Attorneys for Plaintiffs
                                       *Dolby Laboratories, Inc.*
14                                     *Dolby Laboratories Licensing Corp.*
                                       *and Dolby International AB*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT