UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-02269-WLH-BFM | Date | May 20, 2026 |
|---|---|---|---|
| Title | *Dolby Laboratories, Inc. et al v. InterDigital, Inc. et al* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION [27]**

The Court is in receipt of Defendants InterDigital Madison Patent Holdings, SAS and InterDigital, Inc.'s (collectively, "InterDigital") Motion to Dismiss for Lack of Jurisdiction (the "Motion"). (Mot., Dkt. No. 27). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 21 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 22, 2026, is **VACATED**, and the matter is taken off calendar. For the reasons explained herein, the Court **DENIES** the Motion.

I.    **BACKGROUND**

On March 3, 2026, Plaintiffs Dolby Laboratories, Inc. ("Dolby Laboratories"), Dolby Laboratories Licensing Corporation ("Dolby Licensing"), and Dolby International AB ("Dolby International") (collectively, "Dolby") filed this declaratory judgment action pursuant to the Declaratory Judgment Act. (*See* Compl., Dkt. No. 1). Dolby specifically seeks a declaratory judgment of noninfringement and invalidity of U.S. Patent No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

9,185,268 (the "'268 Patent").  (*Id.*).  The action arises out of what Dolby characterizes as intentional targeting by InterDigital by suing "Dolby's downstream customer The Walt Disney Company ("Disney") and related Disney entities in this District" and "accus[ing] them of infringing the '268 Patent by virtue of their alleged use of Dolby's product, Dolby Vision, in creating content for various streaming products such as Disney+ and Hulu." (*Id.* ¶ 3).  The primary vehicle of such targeting as alleged by Dolby is an action before this Court, *InterDigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.) (the "Disney Action").  (*Id.*).  Dolby further alleges that InterDigital's enforcement campaign has expanded in recent months to federal courts across the country as well as global forums, with actions against other downstream customers, including Amazon.com Services LLC, TCL Industries Holdings Co., Ltd. et al. and Hisense Co., Ltd. et al.  (*Id.* ¶¶ 4-9).

On November 10, 2015, the United States Patent and Trademark Office issued the '268 Patent, titled "Methods and Systems for Displays with Chromatic Correction with Differing Chromatic Ranges." (*Id.* ¶ 30).  Dolby asserts that InterDigital's infringement allegations related to the '268 Patent in the Disney Action are directed solely at Dolby Vision, a high dynamic range ("HDR") video technology developed and owned by Dolby Laboratories.  (*Id.* ¶ 21, 24).  Third parties utilize Dolby Vision in their products and services through licensing agreements in accordance with Dolby's specifications. (*Id.* ¶ 21).  The complaint in the Disney Action attaches a claim chart for the '268 Patent that, according to Dolby, "squarely and expressly targets Dolby's 'Dolby Vision workflow,'" and accuses Disney of infringement of the '268 Patent "solely by virtue of Disney's incorporation and use of Dolby Vision" in Disney+, Hulu, and Hulu Live, among others.  (*Id.* ¶ 23).  Because that claim chart references Dolby documentation and materials from Dolby's websites, Dolby alleges that InterDigital's contentions rely solely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

on "evidence of features supported by Dolby Vision and its workflow." (*Id.*, Ex. 2).  Any liability against Disney in the Disney Action may trigger the indemnity obligations of Dolby.  (*Id.* ¶ 25).  These enforcement efforts by InterDigital have resulted in the issuance of two third-party subpoenas to Dolby entities "seeking documents and information relating to Dolby Vision and the '268 Patent, including the Dolby Vision source code." (*Id.* ¶ 26).  Dolby produced source code accordingly.  (*Id.*).  Such targeted discovery, Dolby contends, lends credence to their allegation that that InterDigital's enforcement efforts are in fact directed at Dolby and Dolby Vision, not Disney.  (*Id.*).

InterDigital has also sued Disney internationally, in Munich Regional Court, asserting Disney infringed a European counterpart to the '268 Patent, EP2132923 ("Germany Injunction Suit").  (*Id.* ¶ 7).  As part of that suit, InterDigital secured an injunction in November 2025 against Disney's use of implicated technology, which Dolby contends led Disney to discontinue use of Dolby Vision in Germany.  (*Id.*).

Based on InterDigital's conduct in the Disney Action and related lawsuits, Dolby claims they hold a "reasonable apprehension" that InterDigital will assert infringement and induced and/or contributory infringement claims against them—and potentially trigger additional indemnity obligations for Dolby.  (*Id.* ¶¶ 27-28).

InterDigital filed the instant Motion to Dismiss for lack of jurisdiction, pursuant to Rule 12(b)(1).  (Dkt. No. 27).  Dolby lodged their Opposition on April 17, 2026.  (Opp'n, Dkt. No. 33).  InterDigital timely replied.  (Reply, Dkt. No. 34).  The matter is fully briefed.

## II.   DISCUSSION

### A.   <u>Legal Standard</u>

"It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); s*ee also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (emphasizing that district courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record). Dismissal is required when the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(e).

A Rule 12(b)(1) motion may be facial, where the inquiry is confined to the allegations in the complaint, or factual, such that the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). With a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). If a party raises a factual challenge to subject matter jurisdiction, the court may review other evidence in order to resolve the factual dispute concerning jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

B.    <u>Analysis</u>

InterDigital lodges a facial attack on jurisdiction (*see* Mot. at 7), moving to dismiss this action on standing grounds. Specifically, InterDigital argues this "case presents no actual case or controversy because, taking Dolby's allegations as true, InterDigital engaged in no affirmative acts directed at Dolby that would implicate Dolby of infringement." (Mot. at 7).

"Under the Declaratory Judgment Act, a federal court 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought,' but only '[i]n a case of actual controversy.'" *United States v. Schlenker*, 24 F.4th 1301, 1306 (9th Cir. 2022) (alteration in original) (quoting 28 U.S.C. § 2201(a)). This "actual controversy" requirement is the same as the "case or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

controversy" requirement under Article III.  *Id.*  An Article III case or controversy exists when "the facts alleged, under all the circumstance*s*, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations and citation omitted).  The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," such that the dispute is "real and substantial" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *Id.* (internal quotations and citation omitted).

> 1. *Dolby Adequately Alleges a Case or Controversy Relating to the Threat of an Indirect Infringement Suit by Interdigital*

The Court first turns to the elements of the potential cause of actions against Dolby to determine whether "there is a case or controversy of sufficient immediacy to establish declaratory judgment jurisdiction."  *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904–05 (Fed. Cir. 2014).  In its Complaint, Dolby asserts that InterDigital's implicit allegations of indirect infringement in the Disney Action are sufficient for this Court to find a case or controversy exists.  Dolby alleges the following related to the Disney Action in its Complaint:

> InterDigital alleges that "[t]he Disney Accused Instrumentalities perform a method for color correcting" because "the Disney Accused Instrumentalities are color corrected using Dolby Vision," and asserts that "[t]he following citations provide evidence of the Dolby Vision workflow, which is used by the Accused Instrumentalities."  *See* Exhibit 2 (Disney Complaint '268 Patent purported infringement claim chart).  InterDigital's contentions further allege infringement based on "Dolby Vision workflow perform[ing] a color correction on source picture content."  *Id.* at 4.  To support these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

> allegations, InterDigital's claim chart expressly and repeatedly cites only Dolby documentation and materials drawn from Dolby's website.  For every claim element, InterDigital's contentions are based on Dolby documentation describing how Dolby Vision works, relying solely on "evidence of features supported by Dolby Vision and its workflow." *Id.* at 2.  InterDigital does not allege in its complaint or claim chart that Disney uses Dolby Vision in any manner outside Dolby's specifications or licensing instructions, but instead attributes the alleged infringement of the '268 Patent solely to the use of Dolby Vision as provided by Dolby.

(Compl. ¶ 24).  InterDigital asserts these allegations are insufficient to give rise to a *direct* infringement suit against Dolby.  (Mot. at 9).

The Court construes Dolby's Complaint as focusing on the threat of an *indirect* (induced and/or contributory) infringement claim, however.  At no point in its factual allegations does Dolby affirmatively state a *direct* infringement suit by InterDigital against Dolby is likely.  Thus, InterDigital's arguments related to Dolby failing to meet its burden in demonstrating the likelihood of a *direct* method patent infringement suit (*see* Mot. 9-13) for this Court to properly exercise jurisdiction are inapposite.  InterDigital itself concedes the fact that Disney *could* meet the jurisdictional threshold via allegations of indirect infringement.  (Mot. at 11).

The Federal Circuit's opinion in *DataTern* concerning the interplay of potential indirect infringement claims and declaratory judgment actions is instructive.  There, the panel found that "[p]roviding instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement." *DataTern, Inc.*, 755 F.3d at 905; *see also Golden Blount, Inc. v. Robert H. Peterson Co.,* 438 F.3d 1354, 1363–65 (Fed. Cir. 2006).  The facts underlying this declaratory judgment action are similar.  In the related Disney Action, InterDigital explicitly references—in several instances throughout its claims chart—how Disney's products are "color corrected using

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Dolby Vision." (*See generally* Compl., Ex. 2). The claims charts also include screenshots of Dolby-created instructions for the proper implementation of Dolby Vision. (*Id.* at 6). Such citations can be reasonably construed as evidence that Dolby "provides its customers with the necessary components to infringe the ['268 Patent] as well as the instruction manuals for using the components in an infringing manner." *DataTern, Inc.*, 755 F.3d at 905. These allegations, taken together in the light most favorable to Dolby, "establish at least a reasonable potential that such a claim could be brought." *Id.*; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (courts must "accept[] the truth of the plaintiff's allegations" and determine whether they "are insufficient on their face to invoke federal jurisdiction"). Accordingly, the Court concludes that Dolby has "good reason to fear that it might be liable for contributory infringement," *Arris*, 639 F.3d at 1381, and has established a case or controversy as to whether Dolby's indirectly infringes the '268 Patent to enable it to exercise jurisdiction over this declaratory judgment action.[1]

        2.     *The Court Declines to Consider the Disney Action Stipulation Related to Indirect Infringement*

InterDigital next takes aim at Dolby's indirect infringement theory by citing a stipulation related to Disney's indirect infringement entered into between Disney and InterDigital in the related Disney Action (the "Disney Stipulation"). (*See* Mot. at 11-12). That stipulation reads, in part:

> InterDigital's Complaint filed on Feb. 2, 2025 (Dkt. 1) (the 'Original Complaint') does not include claims of inducement of infringement,

---

[1] InterDigital contends that the mere fact that it has filed infringement suits against other parties (here, customers of Dolby) for the infringement of methods claim does not, absent other facts demonstrating conduct by InterDigital aimed at Dolby, meet the minimum standard for declaratory judgment standing. (Mot. at 8). The Court finds this argument unavailing, as Dolby cites several instances where InterDigital directed its patent enforcement strategy at Dolby Vision, its instructions, and Disney's reliance on that guidance. (*See* Compl., Ex. 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

> contributory infringement, or willful infringement . . . . [and] in no way
> alters InterDigital's allegations related to any claim set forth in Counts I
> through V of the Original Complaint.

(Disney Action, Dkt. No. 83).  InterDigital views this as evidence that the Disney Action "does not encompass theories of induced or contributory infringement." (Mot. at 1-2). As an initial matter, the Court is wary of considering the Disney Stipulation as part of InterDigital's "facial" attack on jurisdiction. (*See* Reply at n.4 (InterDigital acknowledging it seeks to bring only a facial challenge to jurisdiction)).  Looking beyond the complaint would transform the Motion into a "factual" attack on jurisdiction and thus permit the Court to "look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  But InterDigital has acknowledged that doing so would constitute an improper venture outside the four corners of the Complaint.  (*See* Reply at 9).  As such, the Court disregards InterDigital's arguments related to the Disney Stipulation but notes its skepticism of the stipulation's impact on Dolby's ability to demonstrate the threat of an indirect infringement suit.

The Court's lodestar is whether the instant action concerns a "dispute as to a legal right—for example, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring."  *Arris Grp., Inc. v. Brit. Telecommunications PLC*, 639 F.3d 1368, 1374 (Fed. Cir. 2011).  Dolby's Complaint cites plentiful instances from the Disney Action's Complaint that can reasonably be construed as implicit allegations of indirect infringement by Dolby.  These citations, coupled with InterDigital's escalating enforcement campaign against Dolby customers across the country and internationally (*see* Compl. ¶¶ 4-9), support a finding that "under all the circumstances" there is a substantial controversy of "sufficient immediacy and reality" to warrant Dolby's declaratory judgment action.  *See MedImmune,* 549 U.S. at 127.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

InterDigital relies on the Federal Circuit's recent decision in *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 139 F.4th 1340, 1352 (Fed. Cir. 2025), for the proposition that a "software developer cannot establish subject matter jurisdiction supporting declaratory relief where the patentee has never alleged the software performs all steps of a method claim." (Mot. at 8). The facts of that case, however, diverge from those here. First, the patentee in *Mitek* never contended that the software at issue satisfied "every limitation of any claim." 139 F.4th at 1349. As Dolby highlights, InterDigital "cites Dolby Vision [here, the relevant software] for *every* claim element of the asserted claims" in the Disney Action. (Opp'n at 11) (emphasis added). Relying on its previous holding in *DataTern* (which this Court has relied on extensively), the *Mitek* court acknowledged that this precise scenario can give rise to a case or controversy regarding indirect (induced) infringement. 139 F.4th at 1350-51. Now, if InterDigital had relied on third-party documentation for several claim limitations in its Disney Action claim charts, the Court's analysis would likely change. *See DataTern*, 755 F.3d at 905 (finding that a related action's claim chart's references to third-party documentation—not the supplier's guidance—for key claim limitations was insufficient to establish jurisdiction for a declaratory judgment action). But the factual nuances here render *Mitek* inapposite.

At bottom, in cases like this, where "the plaintiff's self-avoidance of imminent injury is coerced by threatened enforcement action of a private party . . . . [l]ower federal courts . . . have long accepted jurisdiction." *Id.* at 130.[2] The Court does the same here.

---

[2] The parties also dispute whether the indemnity obligations of Dolby owed to Disney (should the Disney Action result in liability) are sufficient to establish a case or controversy. Here, Dolby alleges in its Complaint that it "will comply with existing contractual indemnity obligations to Disney." (Compl. ¶ 25). Although the Court accepts Dolby's allegations regarding indemnity as true, it is unclear if such an indemnity clause on its own gives rise to a case or controversy regarding indirect infringement. Rather, the Court shares the same hesitation as the Federal Circuit did in *DataTern*, namely that Dolby "could defend its customers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**III.    CONCLUSION**

Accordingly, the Court finds "there is a controversy between [InterDigital] and the [Dolby] as to the [Dolby's] liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers." *Arris*, 639 F.3d at 1375. InterDigital's Motion to Dismiss for lack of jurisdiction is therefore **DENIED**.

**IT IS SO ORDERED.**

---

and efficiently and effectively participate" in the Disney Action that is already underway in this Court. *See DataTern*, 755 F.3d at 904.