Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 310.916.7433

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION LOS ANGELES

DOLBY LABORATORIES, INC., *et al.*,

Plaintiffs,

v.

INTERDIGITAL, INC., *et al.*

Defendants.

Case No. 2:26-cv-02269-WLH-BFM

**DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND CONDITIONAL COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

Defendants InterDigital, Inc., and InterDigital Madison Patent Holdings, SAS, (collectively, "Defendants" or "InterDigital"), file this Answer and Affirmative Defenses to Plaintiffs Dolby Laboratories, Inc., Dolby Laboratories Licensing Corp., and Dolby International AB (collectively, "Dolby" or "Plaintiffs") Complaint ("Complaint"). Dkt. 1.

InterDigital also submits its Conditional Counterclaims to Plaintiffs' Complaint.

InterDigital denies all allegations and characterizations in Dolby's Complaint unless expressly admitted in the following paragraphs. Any factual allegations admitted herein are admitted only for purposes of this matter and only as to specific facts, but not as to any potential characterizations, conclusions, implications, or speculations that may be suggested by such facts. InterDigital's responses reflect its current knowledge, and it reserves the right to take further positions and/or raise additional defenses that may become apparent as a result of additional information discovered after the filing of its Answer, Affirmative Defenses, and Conditional Counterclaims.

## PRELIMINARY STATEMENT

1. Paragraph 1 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that Dolby's Complaint purports to seek a declaratory judgment of non-infringement and invalidity of the '268 patent. InterDigital denies any other allegations in Paragraph 1.

2. Paragraph 2 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital denies the allegations contained in Paragraph 2. Further, to the extent the allegations contained in Paragraph 2 go beyond the infringement Count in the Complaint they are not properly included (*e.g.*, Dolby proclaims that none of "its customers infringe or have infringed" the '268 patent, whereas Dolby's infringement Count

for which it seeks relief provides allegations relating to Disney only, *see, e.g.*, Compl. ¶¶ 3, 9, 31-41)).

3.     Paragraph 3 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that it filed suit against Disney in *InterDigital, Inc., et al. v. The Walt Disney Company, et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.) (the "Disney action"). InterDigital otherwise denies the allegations contained in Paragraph 3.

4.     Paragraph 4 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that it has filed suit against Amazon.com Services LLC, TCL Industries Holdings Co., Ltd., et al., and Hisense Col. Ltd. et al. InterDigital otherwise denies the allegations contained in Paragraph 4.

5.     Paragraph 5 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that it has filed suit against the Defendants listed above in response to Paragraph 4, with the corresponding case names and numbers listed in Paragraph 5 of the Complaint. InterDigital otherwise denies the allegations contained in Paragraph 5.

6.     Paragraph 6 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that, in each of the cases listed in Paragraph 5, InterDigital attached infringement claim charts to the complaints, and that some of those charts reference, for some claim elements, Dolby Vision materials. InterDigital otherwise denies the allegations contained in Paragraph 6.

7.     Paragraph 7 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that it brought suit against Disney in Munich Regional Court, and the German court entered an injunction against Disney. InterDigital otherwise denies the allegations

-3-

contained in Paragraph 7, at least because it lacks information concerning Disney's state of mind.

8.      Paragraph 8 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital denies the allegations contained in Paragraph 8.

9.      Paragraph 9 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital denies the allegations contained in Paragraph 9.

10.      Paragraph 10 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital admits that Dolby filed a second declaratory relief lawsuit collaterally attacking InterDigital's suits against non-parties Amazon, Hisense, and TCL concerning only seven claims out of a total of 76 asserted claims from just five of the fifteen patents asserted across those suits (2:26-cv-02269-PA-SP (C.D. Cal.)). InterDigital otherwise denies the allegations contained in Paragraph 10.

11.      Paragraph 11 contains a purported preliminary statement for which no response is required. To the extent a response is required, InterDigital denies the allegations contained in Paragraph 11. Further, to the extent the allegations contained in Paragraph 11 go beyond the infringement Count in the Complaint they are not a properly included (*e.g.*, Dolby proclaims it wants to "protect its customers," whereas Dolby's infringement Count for which it seeks relief provides allegations relating to Disney only, *see, e.g.*, Compl. ¶¶ 3, 9, 31-41)).

## **PARTIES**

12.      InterDigital admits that Dolby Laboratories has identified itself as a Delaware corporation with headquarters at 1275 Market Street, San Francisco, California 94103, and admits that Dolby Laboratories identifies itself as the developer and owner of Dolby Vision technology.

13.     InterDigital admits that Dolby Licensing has identified itself as (i) a New York corporation with its headquarters at 1275 Market Street, San Francisco, California 94103, (ii) an indirect, wholly-owned subsidiary of Dolby Laboratories, and (iii) the licensing entity for Dolby Vision.

14.     InterDigital admits that Dolby International has identified itself as (i) a Swedish private limited company with its headquarters at 77 Sir John Rogerson's Quay, Spaces South Docklands, Dublin D02 VK60, Ireland, and (ii) an indirect, wholly-owned subsidiary of Dolby Laboratories.

15.     InterDigital admits that InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809, and that it acquired the '268 patent. InterDigital otherwise denies the allegations contained in Paragraph 15.

16.     InterDigital admits that InterDigital Madison Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017, and is a wholly owned subsidiary of InterDigital, Inc.

## JURISDICTION AND VENUE

17.     InterDigital admits that Dolby avers that this suit arises under the Declaratory Judgment Act and Patent Laws of the United States, but for purposes of preserving its appellate rights, as stated in InterDigital's motion to dismiss, InterDigital asserts that the Court lacks declaratory judgment jurisdiction to hear this suit and on that basis denies the allegations contained in Paragraph 17. InterDigital otherwise denies any remaining allegations contained in Paragraph 17.

18.     InterDigital admits that Dolby purports to invoke subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, but, for purposes of preserving its appellate rights, as stated in InterDigital's motion to dismiss, InterDigital asserts that the Court lacks subject matter jurisdiction to hear this suit,

DEFENDANTS' ANSWER TO COMPLAINT                                    Case No. 2:26-cv-02269-WLH-BFM

and, on that basis, denies the allegations contained in Paragraph 18. InterDigital otherwise denies any remaining allegations contained in Paragraph 18.

19.    InterDigital admits that personal jurisdiction is proper over InterDigital for purposes of these claims only, and based only on the fact that Dolby invokes InterDigital's suit against Disney in this district, which the Court has deemed a related case. InterDigital otherwise denies any remaining allegations contained in Paragraph 19.

20.    InterDigital admits that venue is proper in this Court for purposes of this action only, and based only on the fact that InterDigital filed the Disney case in this District. InterDigital otherwise denies any remaining allegations contained in Paragraph 20.

## FACTUAL BACKGROUND

21.    InterDigital admits that Dolby Vision is a high dynamic range ("HDR") video technology that Dolby states it developed and owns, and that Dolby licenses Dolby Vision to third parties. InterDigital otherwise lacks sufficient information to either admit or deny any remaining allegations contained in Paragraph 21, and therefore denies them.

22.    InterDigital admits the allegations contained in Paragraph 22.

23.    InterDigital admits that the complaint against Disney attached a preliminary claim chart for the '268 patent, and that Dolby attached that chart as Exhibit 2 to its complaint in this case. InterDigital otherwise denies the allegations contained in Paragraph 23, at least because the preliminary claim chart is no longer operative as it has been superseded by InterDigital's final infringement contentions.

24.    InterDigital admits that the quoted language recited in Paragraph 24 appears in Exhibit 2. InterDigital denies that software such as Dolby Vision, standing alone, can infringe the required steps of the method patent claims of the

DEFENDANTS' ANSWER TO COMPLAINT                    Case No. 2:26-cv-02269-WLH-BFM

'268 patent asserted against Disney. InterDigital otherwise denies the allegations contained in Paragraph 24.

25.     InterDigital lacks information and belief to respond to Dolby's statement about whether it will comply with any purported existing contractual indemnity obligations to Disney, especially where Dolby did not step in to indemnify Disney in the Disney action. Neither Dolby nor Disney has proffered any evidence in either action that, for example, such indemnity obligations concerning infringement of the '268 patent exist, and if so, the details surrounding such obligations as they relate to this case. On that basis, InterDigital denies the allegations contained in Paragraph 25.

26.     InterDigital admits that, as part of the Disney case, it (i) issued two substantially identical subpoenas to Dolby entities seeking information concerning, e.g., the features, functionality, and capabilities of the Dolby Vision software to support InterDigital's direct infringement theory that Disney uses Dolby Vision to perform each and every one of the claimed method steps of the '268 Patent, and (ii) Dolby produced and InterDigital inspected source code. InterDigital otherwise denies the allegations contained in Paragraph 26.

27.     InterDigital denies the allegations contained in Paragraph 27, at least because, as to direct infringement, software such as Dolby Vision, standing alone, cannot infringe the method patent claims asserted against Disney. With regard to indirect infringement, InterDigital currently lacks information about Dolby's mens rea so, and given that this is an Answer to Dolby's pleading, under applicable notice pleading standards, InterDigital denies the allegations. Further, InterDigital is unaware that Dolby Vision has no substantial non-infringing uses. Even where InterDigital suggested that Dolby Vision could have substantial non-infringing uses such as cinema and game consoles (Dkt. 34 at 6), Dolby has not agreed. At least on these bases, and for the purposes of this paragraph only, InterDigital

denies the allegations. InterDigital otherwise denies the allegations contained in Paragraph 27.

28.   InterDigital denies the allegations contained in Paragraph 28.

29.   InterDigital denies the allegations contained in Paragraph 29, at least because: Dolby asserts that Disney does not directly infringe the '268 patent, contrary to InterDigital's allegations in the Disney action, and it lacks information as to other purported Dolby "customers," which are not part of this suit or the Disney action in any event; as software, Dolby Vision standing alone cannot infringe the method claims of the '268 patent asserted against Disney; there is no substantial controversy between InterDigital and Dolby arising from InterDigital's infringement allegations against Disney concerning the '268 patent or from anything else; and InterDigital currently lacks information about, *e.g.*, Dolby's mens rea and substantial non-infringing uses. Given that this is an Answer to Dolby's pleading, under applicable notice pleading standards, at least on these bases, and for the purposes of this paragraph only, InterDigital denies the allegations. Further, because Dolby's Complaint does not make any allegations whatsoever concerning the elements of indirect infringement (both induced and contributory infringement), InterDigital has no basis on which to analyze such allegations in responding to Paragraph 29, and, on that additional basis, denies them. InterDigital otherwise denies the allegations contained in Paragraph 29.

## THE ASSERTED PATENT

30.   InterDigital admits the allegations contained in Paragraph 30.

## COUNT 1

**(Declaratory Judgment of Non-Infringement of the '268 Patent)**

31.   InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth here.

32.   InterDigital admits that paragraph 32 accurately quotes a portion of InterDigital's direct infringement claim against Disney.

-8-

33. InterDigital denies the allegations contained in Paragraph 33 at least because the way Disney completes the steps of the asserted method claim, which involves, in part, using Dolby Vision, directly infringes those claims. As software, Dolby Vision standing alone cannot directly infringe the asserted method claims. To the extent this paragraph is also referencing indirect infringement by Dolby, InterDigital incorporates its response to Paragraph 29. InterDigital otherwise denies the allegations contained in Paragraph 33.

34. InterDigital admits that Paragraph 34 accurately reproduces Claim 1 of the '268 patent.

35. InterDigital denies the allegations contained in Paragraph 35 of the Complaint and incorporates its response to Paragraph 29.

36. InterDigital admits that Paragraph 36 accurately reproduces Claim 6 of the '268 patent.

37. InterDigital denies the allegations contained in Paragraph 37 and incorporates its response to Paragraph 29.

38. InterDigital denies the allegations contained in Paragraph 38 and incorporates its response to Paragraph 29.

39. The allegations in Paragraph 39 relate to unasserted claims, over which there is by definition no controversy and thus no jurisdiction, so no response is required. To the extent a response is required, InterDigital denies the allegations contained in Paragraph 39.

40. InterDigital denies the allegations contained in Paragraph 40 and incorporates its response to Paragraph 29.

41. InterDigital denies the allegations contained in Paragraph 41 and incorporates its response to Paragraph 29.

DEFENDANTS' ANSWER TO COMPLAINT                    Case No. 2:26-cv-02269-WLH-BFM

**COUNT II**

**(Declaratory Judgment of Invalidity of the '268 Patent)**

42.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs, as if fully set forth here.

43.    InterDigital denies the allegations contained in Paragraph 43.

44.    InterDigital denies the allegations contained in Paragraph 44.

45.    InterDigital denies the allegations contained in Paragraph 45.

46.    InterDigital denies the allegations contained in Paragraph 46.

47.    InterDigital denies the allegations contained in Paragraph 47.

**RESPONSE TO PRAYER FOR RELIEF**

48.    These paragraphs set forth the statement of relief requested by Dolby to which no response is required. InterDigital denies that Dolby is entitled to any relief and specifically denies all allegations contained in Dolby's prayer for relief.

**RESPONSE TO JURY DEMAND**

49.    To the extent a response is required, InterDigital admits that Dolby's Complaint demands a jury trial for issues triable to a jury and a bench trial on equitable issues.

**DENIAL OF ANY REMAINING ALLEGATIONS**

50.    To the extent any specific allegations are not admitted, InterDigital denies any remaining allegations in Dolby's Complaint.

**AFFIRMATIVE DEFENSES**

51.    InterDigital alleges and asserts the following defenses in response to Dolby's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, InterDigital reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

-10-

## FIRST AFFIRMATIVE DEFENSE

### (Patent Validity)

52.    The '268 patent is presumed to be, and is, valid.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

53.    Dolby has failed to state a claim upon which relief can be granted, including, but not limited to, the Complaint's failure to meet the standard for pleading set by the *Supreme Court in Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and for failing to allege elements of the purported claims in controversy. For example, Dolby's Complaint contains no allegations concerning the elements of induced or contributory infringement. *See, e.g.*, *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, No. 24-889, 608 U.S. __ (June 4, 2026) (noting that an indirect infringement claim for induced infringement requires: (1) direct infringement by a third party, (2) knowledge that the induced acts constitute patent infringement, and (3) active steps to encourage the direct infringement, and finding against that backdrop no plausible indirect infringement claim where public statements on labels and in press releases could not be construed as active steps to encourage direct infringement, with question turning on defendant's mens rea, not interpretations of statements).

## THIRD AFFIRMATIVE DEFENSE

### (No Case or Controversy and No Standing)

54.    Dolby has failed to allege a sufficient case or controversy and the Court lacks subject matter jurisdiction over the declaratory judgment claims.

55.    Dolby has suffered no injury and lacks standing. InterDigital has no legally adverse interests to Dolby, and its purported economic interests are insufficient to confer standing or subject matter jurisdiction.

-11-

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

56.     Dolby's claims are barred under the equitable doctrines of laches, estoppel, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Not Exceptional Case)

57.     Dolby is not entitled to recovery of attorneys' fees, under 35 U.S.C. § 285, the Court's inherent powers, or otherwise.

## RESERVATION OF RIGHTS

58.     InterDigital reserves the right to assert additional claims and defenses as appropriate, especially as new information is learned through discovery by virtue of Dolby's claims in this suit.

## CONDITIONAL COUNTERCLAIMS

59.     InterDigital moved to dismiss Dolby's Complaint for lack of standing and subject matter jurisdiction. The Court denied InterDigital's motion. Dkt. 44. InterDigital expressly preserves its jurisdictional arguments for appeal, and maintains its position that the Court lacks subject matter jurisdiction for the reasons set forth in its briefing, as required by the relevant binding Federal Circuit precedent. But, because the appeal will not be taken up until final judgment is entered in this case, InterDigital asserts the following conditional counterclaims within the time period for doing so as a matter of right, to preserve all of its rights. *See, e.g.*, *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 902 (Fed. Cir. 2014) (recognizing Microsoft filed motion to dismiss for lack of jurisdiction and conditional counterclaims relating to infringement, and considering in a single appeal the motion to dismiss ruling, claim construction, and summary judgment issues that followed).

-12-

DEFENDANTS' ANSWER TO COMPLAINT                           Case No. 2:26-cv-02269-WLH-BFM

60.     Counterclaim-Plaintiff InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809.

61.     Counterclaim-Plaintiff InterDigital Madison Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017, and is a wholly owned subsidiary of InterDigital, Inc.

62.     Counterclaim-Defendant Dolby Laboratories is as a Delaware corporation with headquarters at 1275 Market Street, San Francisco, California 94103.

63.     Counterclaim-Defendant Dolby Licensing is a New York corporation with its headquarters at 1275 Market Street, San Francisco, California 94103, and an indirect, wholly-owned subsidiary of Dolby Laboratories. Dolby Licensing is the licensing entity for Dolby Vision.

64.     This Court has subject matter jurisdiction over InterDigital's counterclaims as they relate to infringement and validity of the '268 patent. This Court has federal question jurisdiction under 28 U.S.C. 1331, and jurisdiction arising from the patent laws under 28 U.S.C. § 1338.

65.     This Court has personal jurisdiction over Dolby at least because it conducts business in California in this District, including by being headquartered in California, with at least one office in this District, and by designing, developing, licensing and supporting Dolby Vision from California. Dolby has also filed two declaratory relief lawsuits in this District, *i.e.*, this case as well as Case No. 2:26-cv-02270-PA-SP. Dolby has purposefully availed itself of this forum by conducting business here and litigating here concerning Dolby Vision. Further, Dolby knew or should have known that, by filing suit against InterDigital in this District, it would cause harm to InterDigital in this District and subject Dolby to claims in this District.

-13-

DEFENDANTS' ANSWER TO COMPLAINT                          Case No. 2:26-cv-02269-WLH-BFM

66.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)/(c) because the events giving rise to InterDigital's counterclaims—responding to Dolby's own claims against InterDigital concerning InterDigital's litigation against Disney based on Disney's direct infringement of the '268 patent—occurred in this District, and because Dolby is subject to personal jurisdiction here, at least based on the two suits it filed against InterDigital. Venue is also proper based on the statements in paragraph 65, which are incorporated by this reference.

67.     InterDigital owns U.S. Patent No. 9,185,268 (the "'268 patent"). The U.S.P.T.O. issued the '268 patent on November 10, 2015. The '268 patent, entitled, "Methods and Systems for Displays with Chromatic Correction with Differing Chromatic Ranges," discloses "methods and systems for color correcting displays with different color gamuts." *See* Compl., Ex. 1, at Abstract. The '268 patent includes two independent claims, Claims 1 & 6, which are method claims and are asserted against Disney in the Disney action.

68.     The '268 patent has not expired, and it is in full force and effect.

69.     The '268 patent and its claims are presumed to be valid and enforceable under 36 U.S.C. § 282.

70.     Dolby develops and owns a software product known as Dolby Vision, which Dolby licenses to at least Disney.

71.     Disney uses Dolby Vision in connection with color correcting videos that made available to consumers via streaming platforms.

72.     Controlling precedent mandates that software cannot directly infringe a method claim. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009). Thus, "sales of software alone cannot infringe the patent. Infringement occurs only when someone performs the method using a computer running the necessary software." *Id.* To prove infringement of the asserted method claims of the '268 patent, InterDigital must show that an actor (*i.e.*, Disney) practices each and every step of the claimed method. InterDigital lacks information concerning

-14-

whether Dolby directly infringes (*e.g.*, by performing the method steps for a client), but InterDigital has evidence that Disney directly infringes, even in the face of incomplete discovery in the Disney litigation. Because the controlling law requires InterDigital to allege and prove direct infringement in order to perfect a claim for indirect infringement against Dolby, InterDigital maintains its direct infringement allegation against Disney here. For its conditional counterclaim concerning direct infringement, InterDigital assumes Dolby is defending the direct infringement allegation against Disney based on Dolby's and Disney's previous statements and representations to the Court.

73.    InterDigital has not accused Dolby of any type of infringement, including any type of indirect infringement (*e.g.*, induced, contributory) and maintains there is no jurisdiction over this case. Nonetheless, Dolby has stated its actions create a risk of it being accused of indirect infringement (not direct infringement). In reliance on those statements, for its conditional counterclaim concerning indirect infringement, InterDigital assumes that Dolby could infringe and conditionally alleges that Dolby may be an indirect infringer based on direct infringement by Disney. InterDigital will take discovery into the required elements of infringement—as to, for example, Dolby's conduct and state of mind, to complete discovery as to Disney's direct infringing acts, and as to damages for all such infringement—and seek leave to amend based on those findings as appropriate.

## FIRST COUNTERCLAIM

### (INDIRECT INFRINGEMENT OF THE '268 PATENT BY DOLBY)

74.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs 59-73, as if fully set forth here.

75.    On information and belief, based on Dolby's allegations in its Complaint, and its statements to this Court in opposing InterDigital's motion to dismiss and the Court's ruling on the motion to dismiss, Dolby has been and

-15-

continues to contribute to and/or actively induce infringement of the '268 patent by Disney by manufacturing, using, offering to sell and/or selling within the United States the software program known as Dolby Vision and related tools, instructions, and guides concerning its use in violation of at least 35 U.S.C. § 271(b) and/or (c).

76. For example, Dolby has told the Court that InterDigital's '268 patent claim charts against Disney "establish an implicit allegation of inducement or contributory infringement, both of which are present here and either of which is sufficient to establish declaratory judgment jurisdiction." Dkt. 33 at 9.

77. As a result, the Court ruled that "Dolby Adequately Alleges a Case or Controversy Relating to the Threat of an Indirect Infringement Suit by Inter[D]igital." ECF No. 44 (Order Denying MTD) at 5. "The Court construe[d] Dolby's Complaint as focusing on the threat of an *indirect* (induced and/or contributory) infringement claim, however." *Id.* at 6 (emphasis in original). The Court "conclude[d] that Dolby has good reasons to fear that it might be liable for contributory infringement." *Id.* at 7 (quotations omitted).

78. Regarding induced infringement, Dolby states that Disney uses Dolby Vision in reliance on Dolby's instructions to Disney (*i.e.*, the Dolby Vision workflow), which Dolby frames as Dolby's affirmative acts to encourage Disney's actions. Dolby further admits it had knowledge of the alleged infringement before filing its Complaint. *Id.* at 9.

79. Regarding contributory infringement, Disney uses Dolby Vision, among other instrumentalities, to directly infringe the '268 patent; Dolby has stated its belief that Dolby Vision is a material part of Disney's actions in infringing the '268 patent; Dolby knew that its software product, Dolby Vision, was especially adapted for use in Disney's acts of infringement based on Dolby's instructions; and on information and belief, Dolby has not stated that Dolby Vision is not a staple article or commodity of commerce suitable for substantial non-infringing uses. Dkt. 33 at 10-11.

DEFENDANTS' ANSWER TO COMPLAINT                    Case No. 2:26-cv-02269-WLH-BFM

80. Dolby appears to deny that using Dolby Vision for, *e.g.*, cinema and game consoles, would not constitute substantial non-infringing uses since InterDigital provided these examples (Dkt. 34 at 6), but Dolby continues to claim contributory infringement applies.

81. Dolby has profited, and continues to profit, from the manufacture, use, offers to sell, and sales of Dolby Vision to Disney, including licensing sales.

82. On information and belief, Dolby's indirect infringement of the '268 Patent in connection with Disney's infringement has been, and continues to be, willful and deliberate. *See, e.g.*, Compl. ¶ 27 ("Dolby has been aware of the '268 patent since before the filing date of this complaint.").

83. On information and belief, after Dolby became aware of the '268 Patent, it continued the same practices with respect to offering Dolby Vision to Disney, and instructing and encouraging Disney to utilize such software in an infringing manner, as it had done before becoming aware of the patent.

84. InterDigital has been, and continues to be, damaged and irreparably harmed by Dolby's indirect infringement of the '268 patent, which Dolby put at issue by this lawsuit despite never being threatened by InterDigital, as it arises from Disney's direct infringement of the '268 patent.

**SECOND COUNTERCLAIM**

**(DIRECT INFRINGEMENT BY DISNEY, AS WILL BE DEFENDED BY DOLBY ACCORDING TO ITS REPRESENTATIONS AND CLAIMS)**

85. InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs 59-84, as if fully set forth here.

86. Dolby has put indirect infringement by Dolby at issue in this suit.

87. Under either an induced or contributory indirect infringement theory, which Dolby has told the Court are at issue here, direct infringement by Disney of the '268 Patent is the first element.

DEFENDANTS' ANSWER TO COMPLAINT                    Case No. 2:26-cv-02269-WLH-BFM

88. Thus, as part of Dolby's DJ claim against InterDigital, to avoid a due process violation against InterDigital's ability to enforce its patent rights, InterDigital reasserts direct infringement by Disney.

89. Specifically, Disney directly infringes the '268 patent as is alleged by InterDigital in the Disney Complaint. *See generally* Disney Compl., Dkt. 1, 2:25-cv-WLH-BFM.

90. InterDigital has a right to recover against Disney as direct infringer, and Dolby states that it will abide by alleged indemnity obligations to Disney.

91. Disney and Dolby have therefore asked the Court to determine the question of Disney's direct infringement as a necessary part of resolving this suit.

92. Disney has told the Court that it will be bound by the outcome of this suit, including as it relates to Disney's direct infringement of the '268 patent. See Tr. at 15:4-9 (DISNEY'S COUNSEL: "You Honor, we've essentially agreed to be bound by whatever happens in the Dolby case. So we don't need to be a party of it. If they need to take third party discovery with us in that case, obviously they're entitled to take third party discovery. But we are agreeing to be bound by whatever happens to Dolby …"); *id.* at 15:22-25 (THE COURT: "It's your client that's agreeing to be bound by what happens in Dolby, right? Not just you [counsel]?" DISNEY'S COUNSEL: "That's correct. It's my client.").

93. Disney's direct infringement must be decided as a predicate element of Dolby's declaratory judgment claims concerning indirect infringement by Dolby. *See, e.g.*, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014) ("where there has been no direct infringement, there can be no inducement of infringement under § 271(b)"). Dolby's claims concerning indirect infringement by Dolby cannot be resolved without first resolving the question of Disney's direct infringement.

94. Additionally, Dolby alleges that it has an indemnity obligation to Disney with which it will comply. Compl. ¶ 25. Dolby has told the Court that it

-18-

"has accepted its contractual indemnity obligation to Disney according to the contractual terms." Dkt. 33 at 14. Thus, on information and belief, as Disney's indemnitor concerning InterDigital's direct infringement claim against Disney, Dolby has agreed to fully defend and indemnify the direct infringement claim against Disney in this suit.

95.    Dolby declined to participate in the Disney action, either by stepping in to defend Disney for direct infringement, by directing the defense, by intervening, or by becoming involved in any other way. Instead Dolby asserted it wants to defend Disney against InterDigital's direct infringement claim in this case. And the Court has now stayed the Disney action—so Disney's direct infringement must be fully adjudicated here.

96.    Disney has profited and continues to profit from directly infringing the '268 patent, and: (i) as the party seeking to litigate indirect infringement, including the required element of Disney's direct infringement, and (ii) as Disney's alleged indemnitor, Dolby must fully defend and indemnify this direct infringement claim brought against Disney. As such, Dolby will be liable to InterDigital for the full extent of damages resulting from Disney's directly infringing conduct, regardless of Dolby's theories of indirect infringement and damages flowing therefrom.

97.    Based on Dolby's: (i) stated obligation and willingness to defend Disney's direct infringement of the '268 patent in this action, and (ii) assertion that indirect infringement must be decided, including the first element of direct infringement by Disney, InterDigital brings this counterclaim.

## THIRD COUNTERCLAIM

### (DECLARATION OF PATENT VALIDITY)

98.    InterDigital restates and reincorporates by reference the entirety of the foregoing paragraphs 59-97, as if fully set forth here.

-19-

99.    Although the '268 patent is presumed valid and enforceable, because Dolby seeks a declaration of patent invalidity, and because the Court has allowed Dolby's claim to go forward, there is now a case or controversy considering validity of the '268 patent under 28 U.S.C. § 2201. Thus, this Court has jurisdiction to consider InterDigital's counterclaim for a declaration of patent validity.

100.    As the owner of the '268 patent, and in view of Dolby's declaratory judgment claim for invalidity, InterDigital counterclaims for a declaration of patent validity and enforceability as to the method claims asserted against Disney.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, InterDigital hereby demand a trial by jury on all claims and issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, InterDigital seeks an order entering judgment in InterDigital's favor as follows:

a)    Disney has directly infringed the '268 patent, as shown in the context of (i) Dolby putting indirect infringement at issue, and (ii) Dolby stepping into Disney's shoes to defend the direct infringement claim against Disney;

b)    Any infringement has been willful;

c)    An injunction preventing Disney and Dolby from further acts of infringement and further lawsuits targeting the '268 patent;

d)    An order requiring Dolby to pay InterDigital's damages, costs, expenses, and any enhanced damages to which InterDigital is entitled based on Disney's direct infringement as litigated by Dolby and any infringement by Dolby;

e)    An order requiring Disney to provide an accounting and for Dolby to pay pre-judgment and post-judgment interest that is owed;

g)    A order finding this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to InterDigital;

-20-

h)    Any other relief the Court deems just and proper.

Dated: June 22, 2026                    Respectfully submitted,

**Olson Stein LLP**

/s/ Nancy M. Olson
Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 310.916.7433

*Attorneys for Defendants*

-21-