Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099
*Attorney for Plaintiffs and
Counterclaim Defendants Dolby*

Richard A. Kamprath (*pro hac vice* pending)
rkamprath@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Phone: 214.978.4000
*Attorney for Defendants and
Counterclaim Plaintiffs InterDigital*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br><br>Defendants. | Case No. 2:26-cv-02269-WLH-BFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>District Judge:    Wesley L. Hsu<br><br>Magistrate Judge: Brianna Fuller Mircheff<br><br>**Scheduling Conference**: July 31, 2026<br>**Original Complaint**: March 3, 2026<br>**Responsive Pleading**: June 22, 2026<br>**Trial (Proposed)**: June 14, 2027 |
| INTERDIGITAL, INC. AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br><br>Counterclaim Plaintiffs.<br><br>v.<br><br>DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Counterclaim Defendants, | |

Plaintiffs Dolby Laboratories, Inc., Dolby Laboratories Licensing Corp., and Dolby International AB ("Plaintiffs") and Defendants InterDigital, Inc., and InterDigital Madison Patent Holdings SAS ("Defendants") (collectively, "the Parties"), hereby submit this Joint Rule 26(f) Report in the above-captioned action (the "Action"), pursuant to the Court's Order Setting Scheduling Conference for July 31, 2026 (Dkt. No. 54):

## I.    STATEMENT OF THE CASE

<u>Dolby's statement</u>

This is an action for Declaratory Judgment against Defendants InterDigital, Inc., Interdigital Madison Patent Holdings, SAS, and InterDigital VC Holdings, Inc. (collectively, "InterDigital"). Dolby seeks a declaration that "Dolby, Dolby Vision, and use of Dolby Vision, including by Dolby's customers, has not infringed (directly, indirectly, and under the doctrine of equivalents) and does not infringe (directly, indirectly, and under the doctrine of equivalents)" U.S. Patent No. 9,185,268, referred to as the "'268 Patent." Dkt. No. 1, Prayer for Relief at (a). Neither Dolby, Dolby Vision, nor its customers using Dolby Vision infringe or have infringed, either directly or indirectly, any claim of the '268 Patent. In addition, the '268 Patent is invalid.

Dolby brought this action because InterDigital has targeted Dolby by suing Dolby's downstream customer The Walt Disney Company ("Disney") and related Disney entities in this District and accuses them of infringing the '268 Patent by virtue of their alleged use of Dolby's product, Dolby Vision, in creating content for various Disney video streaming products such as Disney+ and Hulu. InterDigital sued Dolby customer Disney and related Disney entities in this District. *See InterDigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.), (the "Disney Action"). InterDigital alleges, among other things, that Disney's use of Dolby Vision infringes the '268 Patent. *See, e.g.*, Disney Complaint, ¶¶ 523–48. The Disney Action is now stayed. Disney Action, Dkt. No. 213.

1

Both parties have filed motions to dismiss. First, InterDigital moved to dismiss for lack of subject matter jurisdiction (Dkt. No. 27), which the Court denied (Dkt. No. 44). Next, Dolby moved to dismiss and strike InterDigital's counterclaims (Dkt. No. 53) on three grounds: (1) asserted claims of the '268 patent are invalid under 35 U.S.C. § 101; (2) InterDigital's second counterclaim is improperly directed to nonparty Disney; (3) InterDigital's third counterclaim improperly seeks a declaration of "validity," and InterDigital does not disagree (Dkt. No. 55). Briefing is ongoing for Dolby's motion.

InterDigital's Statement of the Case attempts to litigate Dolby's motion to dismiss the second counterclaim. InterDigital's statement focuses on the scope of this case—an issue addressed by Dolby's pending motion to dismiss. Dkt. No. 55, 18–21. The proper place for InterDigital to raise those arguments is in its opposition to Dolby's motion, subject to the ordinary briefing process and page limits.

To the extent a response is warranted, Dolby notes it is litigating the declaratory judgment action as pleaded, which seeks a declaration regarding Dolby Vision and its use, including by Dolby's customers, and Dolby is properly seeking discovery that it never had an opportunity to pursue in the Disney Action. Dkt. No. 1, Prayer for Relief at (a). InterDigital's contention that this action is confined to Disney's conduct alone, or that Dolby is merely stepping into Disney's shoes, is inconsistent with Dolby's complaint as pleaded; the customer suit exception supplied a basis for this action to proceed while the Disney Action was stayed, but it did not rewrite the scope of Dolby's complaint. And contrary to InterDigital's assertion, manufacturer actions like this one adjudicate liability for the manufacturer's product, not just for a single customer. This is not, as InterDigital would argue, "diametrically opposed" from Dolby's position throughout this process. Dolby's position on the proper scope of this case is fully addressed in its Complaint and its pending motion. Dolby also is not seeking a new case or a restart of discovery; InterDigital's request for cross use is addressed below.

JOINT RULE 26(f) REPORT
Case No. 2:26-cv-02269-WLH-BFM

**InterDigital's Statement**

InterDigital has counterclaimed for direct infringement of the method claims of the '268 Patent by Disney (as defended by Dolby), as well as a conditional counterclaim for indirect infringement by Dolby based on its representations concerning why the Court has jurisdiction.

This case necessarily follows on, and picks up from, the procedural history in the now-stayed Disney action—with very little more to do. When the Court stayed Disney in favor of allowing Dolby's DJ action to go forward, InterDigital understood this DJ action would start from where the Disney case paused. Based on the express representations from both Dolby and Disney to this Court to this point, that meant that the limited remaining work concerning infringement and damages would be finished in this action, and Dolby was stepping in to Disney's shoes to defend whether Disney directly infringes the asserted method claims of the '268 Patent. This is how the customer suit exception, for which both Disney and Dolby advocated, works; and it is what would be most efficient given the posture of the two cases.

Based on the motion to dismiss briefing and prior meet and confers, InterDigital understood that Dolby was generally aligned with this, including in keeping the case on roughly the same schedule (*e.g.*, trial in March 2027 instead of February 2027). *See also,* Dkt. 31-1 at 19 (DOLBY: "litigating directly against Dolby in this DJ Action will streamline discovery for the parties and benefit Disney, InterDigital, and the Court."). The Disney case proceeded for more than sixteen months—nearing the end of the (extended) fact discovery period—and neither Dolby nor Disney suggested that staying Disney and allowing Dolby to go forward would require a "redo" of discovery, much less the entire case.

But, during recent meet and confers about Dolby's pending motion to dismiss and the Joint Rule 26(f) process, Dolby is now advocating a completely different position: essentially that the Disney case should be entirely set aside, and this case is a fresh start altogether—with expansive new discovery served by Dolby and all

significant case events restarting from the very beginning. Dolby also now purports to litigate on behalf of all of its customers, not just Disney. Further, Dolby now says—diametric to its customer suit exception arguments—that if liability is found against Disney (or any other customer), Dolby would not satisfy that judgment but rather an entirely new lawsuit has to occur to adjudicate damages against every individual customer. This both is massively inefficient and contrary to the law of customer suit exception suits. Dolby has not explained how the Court would have jurisdiction over a dispute as to all Dolby customers where Dolby premised jurisdiction for this action on the Disney action alone—nor could it. Because this expansive and reimagined scope is contrary to what Dolby previously represented to the Court, and because Dolby's position on liability and damages walks back the purported "customer suit exception" that Dolby argued formed the basis for the alleged case or controversy in this action—as well as the basis for Disney seeking a stay of the other action—the Court should reject Dolby's proposed course of action.

Finally, InterDigital is not seeking to litigate Dolby's pending motion to dismiss here; that is a separate issue on a separate procedural track. But the broader issues about the scope of this case is fundamental to the basic Rule 26(f) case management issues to be addressed at this juncture, so it is necessary to raise those for the Court's consideration now. The most efficient path to resolution here is exactly what Dolby and Disney argued to this Court was the proper course: concluding what started—and continued through 16 months of time, effort, and investment—in the Disney case, with Dolby stepping into Disney's shoes to defend Disney's direct infringement, and, if direct infringement by Disney is found, assessing Dolby's liability and damages for all adjudicated infringement. The discovery taken to date in Disney should be presumptively subject to a cross-use order or agreement such that only the limited, unfinished discovery in the Disney matter (e.g., infringement and damages-related information), as well as issues unique to Dolby's indirect infringement, are the subject of discovery here. For clarification, Dolby is not correct

4

that InterDigital wants all discovery from the Disney case to be used in this case. InterDigital submits the already-concluded discovery that pertains to the '268 Patent should be used here rather than re-doing all of it.

## II.    SUBJECT MATTER JURISDICTION

As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, this Court has exclusive subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).[1]

## III.    LEGAL ISSUES

Dolby identifies the following legal issues:

1)    Whether the '268 Patent should be held patent ineligible as a matter of law under Rule 12(b)(6);

2)    Whether InterDigital's second and third counterclaims fail to state a legally cognizable claim and should be dismissed under Rule 12(b)(6);

3)    Whether InterDigital is the proper owner and title holder to the '268 Patent to sustain an action for infringement;

4)    Whether Dolby, Dolby Vision, and use of Dolby Vision, including by Dolby's customers, infringes (directly, indirectly, and under the doctrine of equivalents) the '268 Patent;

5)    Whether the '268 Patent is invalid for failing to meet the requirements of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112, improper inventorship, the doctrine of obviousness-type double patenting, and/or pursuant to other judicially created or non-statutory requirements for patentability and/or equitable doctrines; and

---

[1]    InterDigital preserves for appeal at least its jurisdictional arguments as to why this purported customer suit exception case should not proceed.

JOINT RULE 26(f) REPORT
Case No. 2:26-cv-02269-WLH-BFM

6)      Whether InterDigital's actions directed to Dolby and its customers and partners are exceptional such that an award of attorneys' fees under 35 U.S.C. § 285 is appropriate.

InterDigital identifies the following legal issues:

1) Whether Dolby has standing to bring this alleged customer suit exception case;

2) Whether Dolby's motion to hold the patent ineligible under 35 U.S.C. § 101 should be denied since the '268 Patent claims are subject matter eligible;

3) Whether InterDigital's second conditional counterclaim articulating direct infringement by Disney that Dolby has stated it will defend in this action states a claim for relief[2];

4) Whether Disney, Dolby's customer, infringes the '268 Patent by completing all method steps of the asserted claims, what damages flow from that infringement, and whether Dolby—either under the customer suit exception or its stated indemnity obligation—is liable for those damages;

5) If Disney directly infringes the '268 Patent, whether Dolby is liable for indirect infringement because it either induced or contributed to Disney's direct infringement and what damages flow from that infringement;

6) Whether Dolby fails to carry its burden on its various invalidity arguments;

7) Whether Dolby's actions directed at InterDigital in this action are exceptional such than an award of attorneys' fees under 5 U.S.C. § 285 is appropriate at least in light of, for example, Dolby waiting over sixteen months after the filing of the original Disney case to file this declaratory judgment case;

---

[2]    InterDigital has advised Dolby during the meet and confer process on Dolby's proposed motion to dismiss InterDigital's counterclaims that InterDigital does not oppose the request to remove the declaration of validity claim from the case as that question can be encompassed by Dolby's DJ claim for invalidity (*i.e.*, the patent is presumed valid and InterDigital believes Dolby cannot meet its burden to show invalidity).

6

## IV.   PARTIES, EVIDENCE, ETC.

The Parties are Plaintiffs Dolby Laboratories, Inc., Dolby Laboratories Licensing Corp., and Dolby International AB, and Defendants InterDigital, Inc., and InterDigital Madison Patent Holdings SAS.

Dolby identifies the individuals listed on its initial disclosures served on June 26, 2026 as potential witnesses. Dolby further identifies InterDigital's final infringement contentions and Dolby's invalidity contentions, including the prior art references cited therein, the '268 Patent and its prosecution history, technical documents and source code regarding the accused product, documents related to InterDigital's alleged acquisition and ownership of the '268 Patent, documents related to Dolby's claim this is an exceptional case, and all documents and things identified by InterDigital as potential key documents in this case. Dolby may identify additional witnesses and documents as discovery progresses.

InterDigital identifies as potential witnesses the individuals listed on both parties' initial disclosures, served on June 26, 2026. InterDigital further identifies its final infringement contentions served in the Disney case, which Dolby has received, and Disney's invalidity contentions, including the prior art references cited therein, and documents relating to validity including secondary considerations of non-obviousness; the '268 Patent and its prosecution history and documents relating to inventorship and assignment, valuation, and patent analysis; technical documents and source code relating to Disney's workflows and Dolby's instructions; documents related to InterDigital's claim this is an exceptional case, including documents relating to Dolby's stated indemnity obligation and Dolby and Disney's knowledge of the '268 Patent; and all documents and things identified by Dolby as potential key documents in this case. InterDigital may identify additional witnesses and documents as discovery progresses, especially as they relate to InterDigital's conditional counterclaim for indirect infringement by Dolby, which is currently raised on

information and belief based on Dolby's statements to the Court in its Complaint and opposition to InterDigital's motion to dismiss for lack of jurisdiction.

## V.    DAMAGES

Dolby alleges that InterDigital is not entitled to any damages because Dolby does not infringe any asserted claim of the Patents-in-Suit, and because each of the Patents-in-Suit is invalid for failing to meet the requirements of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112, improper inventorship, the doctrine of obviousness-type double patenting, and/or pursuant to other judicially created or non-statutory requirements for patentability and/or equitable doctrines. Dolby moved to strike InterDigital's requested relief to the extent it seeks Disney-specific damages and an injunction for alleged infringement by Disney. As explained in Dolby's motion (Dkt. No. 55), Disney is a non-party to this action, and InterDigital cannot reach through Dolby to recover damages attributable to Disney.

InterDigital alleges that, through discovery and with the assistance of one or more expert witnesses, it will provide its computation of damages in accordance with its proposals in the schedule set forth in Exhibit A (Scheduling Worksheet). At a minimum, InterDigital is entitled to a reasonable royalty adequate to compensate it for at least: (i) direct infringement of the '268 Patent (*e.g.*, Disney's direct infringement as defended by Dolby since Disney and Dolby stated to the Court that this is a customer suit case that Dolby will defend and indemnify), and (ii) indirect infringement by Dolby predicated on Disney's direct infringement, each with pre-judgment and post-judgment interest, under 35 U.S.C. § 284, and attorneys' fees under 35 U.S.C. § 285.

## VI.    INSURANCE

At this time, neither Dolby nor InterDigital are aware of any insurance policy that relates to the claims made by the Parties.

JOINT RULE 26(f) REPORT
Case No. 2:26-cv-02269-WLH-BFM

## VII.  MOTIONS

### A.    PROCEDURAL MOTIONS

<u>Dolby's position</u>: At this time, Dolby does not intend to file a motion seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction. Dolby opposes adding Disney as a party to this litigation because it would undermine the purpose of this declaratory judgement seeking a declaration of non-infringement as to Dolby Vision and its use on behalf of Dolby's customers. In any event, during the meet and confer process for Dolby's motion to dismiss, InterDigital confirmed it was not seeking to add Disney to this case via its counterclaims. *See* Dkt. No. 55-1, ¶4.

Dolby is willing to meet and confer regarding the potential re-production of documents already exchanged by the ***parties in this case*** (i.e., Dolby and InterDigital) in the Disney Action, subject to an appropriate protective order, where doing so would conserve party and Court resources. Dolby does not agree, however, to cross use (addressed in the Discovery section below) and that any such re-production would define or limit the discovery available in this action—whether as to documents, depositions, or other discovery. Among other things, Dolby is entitled to seek discovery it had no opportunity to take in the stayed Disney Action, including depositions that occurred there without Dolby's participation and discovery on issues unique to this action.

<u>InterDigital's position</u>: InterDigital has been conferring with Disney and Dolby concerning the most efficient mechanism for porting the extensive '268 Patent-related discovery completed in the Disney action over the past 16 months into this case. Discovery in the Disney action, which had been ongoing for over 16 months before the stay, was incomplete but nearing completion. In the interests of judicial and party efficiency, Disney should join the case for purposes of discovery and personal knowledge concerning Disney's actions. InterDigital  needs the Disney discovery in this case, and, if Dolby or Disney complicates that procedure, InterDigital may need

to seek to obtain it through other mechanisms, one of which may include seeking leave to add Disney. Disney has stated it will not voluntarily join this case; Dolby has also stated it does not believe Disney should join this case. In view of this, InterDigital suggested the most efficient course of action: a simple and straight-forward cross-use agreement for the massive amount of already-produced discovery. Disney refused, instead proposing a third-party subpoena, the details of which have not been confirmed. Given Disney's delays in discovery as a party (*e.g.*, providing a June date for a deposition noticed in December), this proposed course of action seems likely to cause further delays. To avoid wasting Court and party resources, the Court should, at a minimum, order cross-use of the existing discovery as to the '268 Patent (exchanged at significant time, effort, and expense) with an appropriate protective order. If InterDigital cannot reach agreement with Disney and Dolby concerning the need for Disney's participation as to the availability of discovery and proof of elements uniquely within Disney's knowledge, InterDigital intends to file a motion to formally join Disney in this case to avoid a due process violation.

At this time InterDigital does not intend to file a motion concerning amended pleadings, although the parties continue to meet and confer regarding Dolby's proposed motion to dismiss as to one of InterDigital's counterclaims. InterDigital does not anticipate a motion to transfer venue. InterDigital preserves for appeal its arguments concerning lack of declaratory judgment jurisdiction.

**B.   DISPOSITIVE MOTIONS**

Dolby's Statement: Dolby moved under Rule 12(b)(6) to have the '268 Patent adjudged patent ineligible as a matter of law under 35 U.S.C. § 101 and thus for final judgment in Dolby's favor as to all claims and counterclaims. Dolby's Section 101 arguments overlap with those raised in the Rule 12(c) motion that Disney filed with this Court in the now-stayed Disney Action. *See InterDigital, Inc. et al. v. The Walt Disney Company et al.*, No. 2:25-CV-00895-WLH-BFM (C.D. Cal.), Dkt. No. 175. Dolby additionally and alternatively moved under Rule 12(b)(6) and Rule 12(f) to

10

dismiss and strike InterDigital's second and third counterclaims because they fail to state legally cognizable claims for relief.  Dkt. No. 55.

If the case proceeds, Dolby currently expects to file a motion for summary judgment of no infringement. Dolby may identify additional motions, including for invalidity, as the case progresses. Dolby will file its motions in time for them to be heard prior to the cutoff for dispositive motions.

InterDigital's Statement: InterDigital plans to oppose Dolby's § 101 motion consistent with its opposition to Disney's similar motion on which the Court had not ruled before the stay. InterDigital will also oppose Dolby's motion to dismiss InterDigital's counterclaim asserting direct infringement by Disney as defended by Dolby. InterDigital has advised Dolby it does not oppose Dolby's request to remove the counterclaim for a declaration of validity.

At the appropriate time, InterDigital currently expects it will file a motion for summary judgment or partial summary judgment concerning issues such as, but not limited to, infringement. InterDigital may identify additional motions as the case progresses. InterDigital will file its motions according to the Court's Scheduling Order.

## C.    CLASS CERTIFICATION MOTION

This is not a class action.

## VIII.  MANUAL FOR COMPLEX LITIGATION

The Parties do not anticipate using any portion of the Manual for Complex Litigation at this time.

## IX.    DISCOVERY

### A.    STATUS OF DISCOVERY

Dolby's Statement: The parties have begun discovery, including conducting a Rule 26(f) conference on May 28, 2026 and exchanging initial disclosures on June 26, 2026. On July 7, 2026, Dolby served 79 Requests for Production and 22 Interrogatories on InterDigital. Dolby anticipates producing substantially the same

11

technical discovery that it produced in response to the third-party subpoenas in the Disney Action and can do so once an appropriate protective order is in place.

While Dolby acknowledges that some discovery in the Disney Action will be relevant here, the Disney Action involved *four additional standards-based patents* that are not related to the '268 patent and that involve RAND damages issues and counterclaims. Simply put, cross use from the Disney Action would drag reams of documents and deposition testimony into this case that are wholly unrelated. This would be prejudicial to Dolby and Disney. Moreover, Dolby had no opportunity to participate in the depositions from the Disney Action. Thus, Dolby proposes that each party subpoena non-parties (e.g., Disney) for discovery commensurate with the scope of this case, not wholesale cross use.

Dolby respectfully suggests that re-production from the **parties in this case** (i.e., from Dolby and InterDigital), rather than cross-use, is the non-prejudicial, more workable mechanism for relevant discovery that overlaps with the Disney Action. Re-production would avoid any tension with the protective order entered in the Disney Action and would allow the documents at issue in this case to be readily identified, including through case-specific Bates identifiers, while helping to ensure that confidential material remains subject to the appropriate protections in each case. Dolby notes, however, that re-production would not resolve all discovery in this action. Dolby also expects to seek additional discovery not taken in the Disney Action, and, as it has discussed with InterDigital, does not regard deposition transcripts from that action as a substitute for depositions in which it could not participate.

InterDigital's Statement: The Court stayed the Disney action under the customer suit exception based on Disney and Dolby's express representations to the Court concerning both their relationship and the functionality of Dolby Vision. InterDigital did not understand the Court's Order granting a stay to function as a reset button on all the work completed to date in the Disney case over the last 16-17 months. That is especially true where Dolby represented to the Court that this case could be

12

streamlined and proceed on essentially the same schedule. *See, e.g.*, Compl. ¶ 9 (averring that severing and staying the '268 Patent from the Disney action in favor of allowing the DJ action to proceed would "simplify the Disney action"); Dkt. 31-1 (Opp. to MTD) ("Dolby will not challenge the Court's existing claim constructions, will limit discovery, and will proceed to trial on an expedited schedule.").

To that end, the '268 Patent-related discovery produced in the Disney action should promptly be designated for cross-use in this action, and a limited window for expedited discovery should be set so the parties can complete the scant few remaining tasks in fact discovery and proceed to expert discovery and dispositive motions. And this action should not be used as a vehicle to rewrite InterDigital's core dispute concerning infringement of the '268 Patent (*e.g.*, requests covering myriad other actions and foreign proceedings), or relitigate issues already decided (*e.g.*, claim construction) as presented in Dolby's expansive discovery requests.

## B.   DISCOVERY PLAN

The parties are submitting an agreed-to proposed schedule as Exhibit A. The discovery plan will depend on the scope of the case.

**Written Discovery**: Based on its view of case scope, ***Dolby*** proposes serving document requests, interrogatories, and requests for admissions, with the following limits per side (i.e., plaintiffs and defendants, respectively):

- Interrogatories: 25 per side.
- Requests for production: no limit.
- Requests for admissions: 100 per side. Requests directed solely to the authenticity or foundation of documents shall not count against this limit. The parties agree to meet and confer in good faith regarding a stipulation for the authenticity of documents.

Based on its view of case scope, ***InterDigital*** proposes cross-use of the existing discovery in the Disney action, plus serving discovery with the following limits per

13

side to address the narrow discovery that was not yet addressed at the time the stay was entered in the Disney action:

- Interrogatories: 5 per side.
- Requests for production: 10 per side.
- Requests for admission: 25 per side.

If the Court agrees with Dolby's view of case scope, then *InterDigital* respectfully suggests that the discovery limits set forth under the Federal Rules of Civil Procedure should apply subject to increases upon a showing of good cause.

**Depositions**: Based on its view of case scope, *Dolby* proposes that each side (i.e., plaintiffs and defendants, respectively) is limited to a total of 12 depositions (including party, third-party, and Rule 30(b)(6) deposition testimony).

Based on its view of case scope, *InterDigital* proposes that each side is limited to a total of 4 depositions, with up to one of those representing a Rule 30(b)(6) deposition, and proposes that individuals and corporate representatives deposed already in the Disney action should not be re-deposed in this action, with the exception of, if InterDigital's then-pending motion to compel an additional deposition is later granted then an additional deposition should be allowed according to any terms set forth in the Court's order.

**Time**. The parties agree that each deposition shall be limited to 7 hours on the record, with the exception of translated depositions, which are addressed below. The parties agree to negotiate in good faith to increase these limits for good cause.

**Experts**. As to expert depositions, absent agreement of the parties or Court order, the parties agree that a maximum of 7 hours per expert, unless the expert submits more than one report, in which case the maximum will be increased by 2 hours for each additional report.

**Translation**. If any depositions require translation to English, the parties agree that an additional 3 hours maximum on the record per each day of deposition (7 hours or less). For example, if a witness is to be deposed for a single day and the deposition

14

is translated, the party taking the deposition will have a maximum of 10 hours on the record for that witness. If a witness is to be deposed for two days in a translated deposition, the party taking the deposition will have a maximum of 20 hours on the record for that witness.

At this time, ***Dolby*** identifies the following topics that may be proper sources of discovery related to non-infringement and invalidity of the '268 Patent:

- Documents from InterDigital's assertions of the same patents in other proceedings (e.g., the Disney Action), including any prior claim construction positions or infringement theories;

- The '268 patent, its prosecution history, and related information, and any related patents and/or patent applications, before both the United States Patent and Trademark Office and any foreign patent office(s);

- Documents related to InterDigital's alleged acquisition and ownership of the '268 Patent, including documents related to Technicolor, valuation documents, opinions or analysis related to the '268 Patent;

- Documents relevant to conception, reduction to practice, and/or diligence in reducing to practice of the '268 Patent;

- Documents concerning the validity or enforceability of the '268 Patent, including documents sufficient to show that the '268 Patent fails to satisfy 35 U.S.C. § 112, including written description, enablement, and definiteness requirements, and fails to meet patentability requirements under 35 U.S.C. § 101;

- Prior art to the '268 Patent;

- Documents establishing the state of the art at the time of the purported invention claimed in the '268 Patent, including documents relevant to the level of ordinary skill in the art at the time of the alleged invention and documents related to prior public use, sale, offer for sale, or public disclosure of the claimed subject matter;

15

- Documents and things related to Dolby Vision, including source code and documents and things related to development, design, operation, sales, and marketing;

- Documents sufficient to show the absence of the '268 Patent's claim elements in the design, structure, and use of Dolby Vision;

- Documents related to damages depending on the extent InterDigital seeks damages in the case, including license agreements, acquisition documents, valuation documents, InterDigital's damages models and evidence from other cases, InterDigital's design and development (or lack thereof) of any product or method that practices the '268 Patent;

- InterDigital's decision and strategy in filing lawsuits against Dolby's customers (e.g., Disney) for infringement based on their use of Dolby Vision; and

- Documents related to Defendants' knowledge of Dolby and Dolby's products/functionalities.

At this time, **InterDigital** anticipates seeking discovery on the following subjects:

Full cross-use of any '268 Patent-related discovery from the Disney action, including the materials Dolby submitted in connection with InterDigital's third-party subpoena practice in that case, is appropriate. InterDigital also proposes completing any outstanding discovery relating to the '268 Patent that was not completed at the time the Court entered the stay in that matter, including any discovery procedure working toward a meeting with the Magistrate Judge, motion to compel, or the like. These procedural safeguards are necessary so this action does not turn into a do-over of the Disney action; in this context InterDigital agrees generally with the topics listed above viewed from the lens of InterDigital's affirmative infringement case (*e.g.*, documents relating to infringement and validity as opposed to non-infringement and invalidity).

16

## C.    DISCOVERY CUT-OFF

The parties agree to a fact (i.e., non-expert) discovery cutoff of November 20, 2026.

## D.    EXPERT DISCOVERY

The parties agree to an expert discovery cutoff of January 22, 2027, with initial expert witness disclosures due December 11, 2026, and rebuttal expert witness disclosures due January 6, 2027.

The parties further agree to serve final infringement and invalidity contentions with their opening expert reports.

## E.    SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have engaged in preliminary settlement discussions. The parties elect to pursue settlement through ADR Procedure No. 3 (private mediation) as contemplated by the Local Rule 16-15.4.

## F.    TRIAL

### 1.    TRIAL ESTIMATE

Dolby proposes 5–6 days for the trial. Dolby anticipates calling approximately 8–10 witnesses at trial. The accused Dolby Vision technology is technically complex, and the Parties' presentation of testimony concerning that technology, including for infringement and invalidity, is expected to require significant trial time.

InterDigital agrees that trial is expected to last 5-6 days. InterDigital expects to call 8-10 witnesses at trial, including Disney witnesses on matters falling outside of Dolby's personal knowledge as those matters relate to infringement (*e.g.*, Disney's workflows and color correction methods and creative choices).

### 2.    JURY OR COURT TRIAL

Dolby's declaratory judgment claims for non-infringement of the '268 Patent are equitable in nature and will be tried to the Court.

17

InterDigital's claim of direct infringement, whether subsumed in Dolby's DJ claims, InterDigital's counterclaim for direct infringement by Disney as litigated by Dolby, and/or InterDigital's counterclaim of indirect infringement by Dolby, should be tried to a jury. Dolby has provided no authority for the proposition that a later-filed DJ action under the customer suit exception can act to deprive a patentee of a jury trial on infringement. Dolby has also provided no authority for the proposition that a later-filed DJ action under the customer suit exception can act to rewrite a patentee's infringement theory. Allowing either would be a due process violation.

### 3. CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE

The Parties do not consent to trial before a Magistrate Judge.

### 4. LEAD TRIAL COUNSEL

For Dolby, Chris Marchese will serve as lead trial counsel and at least Adam Shartzer, John Thornburgh, Madelyn McCormick, and Alex Yu will also try the case.

For InterDigital, Richard Kamprath will serve as lead trial counsel and at least Josh Budwin, Kevin Burgess, David Stein, and Nancy Olson will also try the case.

### G. INDEPENDENT EXPERT OR MASTER

The Parties do not currently contemplate the need for an independent expert or master for this case.

### H. OTHER ISSUES

**Protective Order**: The parties agree that a Protective Order will be needed in this case. Dolby anticipates that key documentary evidence concerning the accused products will include source code and intends to propose a Protective Order governing the handling of source code and other confidential information. The parties will work cooperatively to submit an agreed-upon Protective Order to the Court for its consideration and expect to use the Court's form order and existing InterDigital-Disney Protective Order as a starting point.

### X. CASE MANAGEMENT SCHEDULE

The parties' proposed schedule is attached as **Exhibit A**.

18

Dolby's Position:

Dolby's position is that this Court's Standing Order for Patent Cases governs this action. By their own terms, the Standing Patent Rules "take effect as of the date of th[e] Order" entered May 25, 2023, and "apply in cases filed on or after that date." Because this case was filed after that date, the Standing Patent Rules apply, and no separate entry of the Order in this case is required.

Dolby acknowledges that this Court's Standing Patent Rules apply here except as to their claim-construction deadlines. Claim construction is not at issue in this action because the asserted claims of the '268 Patent were construed in the Disney Action, and Dolby agreed not challenge the Court's existing claim constructions here. *See* Dkt. No. 33 at 18. The remaining Standing Patent Rules deadlines—including those governing infringement and invalidity contentions, document production, and related disclosures—apply and should be incorporated into the case schedule as Dolby proposes in the attached Exhibit A.

InterDigital's suggestion below that Dolby should be limited to Disney's invalidity contentions should not be accepted. Dolby has a due process right to pursue its litigation and develop its own invalidity case, which Dolby is agreeing to do on an expedited basis. InterDigital also suggests that they do not have the information from Dolby that they need for their infringement contentions. InterDigital fails to mention that it served multiple subpoenas on Dolby entities in the Disney Action and Dolby produced technical documents and source code for Dolby Vision, and InterDigital never complained about any deficiencies before it served its final infringement contentions in the Disney Action. In fact, InterDigital's final infringement contentions cite extensively to Dolby source code and documentation. Dolby is ready to re-produce the documents and source code that Dolby produced in response to InterDigital's subpoenas in the Disney Action promptly after a protective order is entered. Dolby has provided a proposed protective order to InterDigital and is awaiting its response.

InterDigital's Position:

The Court has not issued its Standing Order for Patent Cases in this case as it did in the Disney action, which suggested to InterDigital the Court may believe not all dates therein are applicable to this case because, *e.g.*, the parties agree that the Markman process will not be redone. Based on that understanding, InterDigital's position is that some of the events in the Court's Standing Order for Patent Cases have already been completed and should not be re-done from the beginning. Instead, the parties should take the "final" contentions from the Disney case, conduct the limited discovery that remains to be done in this case, and then provide revised final contentions on the agreed-to date in Exhibit A. InterDigital's position is not that Dolby cannot adjudicate invalidity as Dolby suggests. InterDigital's position is that the starting point is the work done to date; then Dolby takes discovery, and provides its final contentions on the December 2026 date agreed to by the parties in Exhibit A. That is more efficient than disregarding all of the invalidity work that has been done to date and starting over. If Dolby's position were adopted, as a practical matter, it would require InterDigital to disclose information it does not yet have because it is uniquely in Dolby's possession as to anything besides the limited Dolby-related discovery InterDigital obtained concerning Disney's direct infringement. And that information is already reflected in the contentions, which is why the current contentions should be the starting point, with the forthcoming December 2026 contentions serving as final. For example, under the Standing Order, InterDigital's initial infringement contentions would be due July 30, 2026, the day before the Scheduling Conference. But given that Dolby initiated this declaratory judgment action, besides sharing the final contentions from the Disney action, there would be nothing additional for InterDigital to disclose at the very beginning of this process.

Dated: July 17, 2026

Respectfully submitted,

FISH & RICHARDSON P.C.

*/s/ Christopher S. Marchese*
Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Fax: (858) 678-5099

John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Alex Yu (SBN 334963)
yu@fr.com
Linda Chang (SBN 363647)
chang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Adam R Shartzer (*Admitted Pro Hac Vice*)
shartzer@fr.com
FISH & RICHARDSON P.C
1000 Maine Ave. Ste. 1000
Washington, D.C., 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Tae Hong (*Admitted Pro Hac Vice*)
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

21

Joshua H. Park (*Admitted Pro Hac Vice*)
jpark@fr.com
FISH & RICHARDSON P.C.
909 Fannin St., Ste.2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Attorneys for Plaintiffs and Counter
Defendants
*Dolby Laboratories, Inc.,*
*Dolby Laboratories Licensing Corp.,*
*and Dolby International AB*

Dated: July 17, 2026          MCKOOL SMITH, P.C.

/s/ *Nancy M. Olson*

Richard A. Kamprath *(pro hac vice* pending*)*
rkamprath@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Phone: 214.978.4000
Fax:    214.978.4044

Joshua W. Budwin *(pro hac vice* pending*)*
jbudwin@mckoolsmith.com
MCKOOL SMITH, P.C.
303 Colorado Street, Suite 2100
Austin, Texas 78701
Phone: 512.692.8700
Fax:    512.692.8744

Kevin Burgess *(pro hac vice* pending*)*
kburgess@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
Phone: 903.923.9000
Fax:    903.923.9099

Nancy M. Olson (SBN 260303)

22

nolson@olsonstein.com
David M. Stein (SBN 198256)
OLSON STEIN LLP
240 Nice Lane #301
Newport Beach, CA 92663
Tel: (310) 916-7433

Attorneys for Defendants and Counter Plaintiffs
*InterDigital, Inc., and InterDigital*
*Madison Patent Holdings, SAS*

23

## **ECF ATTESTATION**

I, Christopher S. Marchese, am the ECF User whose identification and password are being used to electronically file this Joint Stipulation. In accordance with Local Rule 5-4.3.4, concurrence in and authorization of the filing of this document has been obtained from the counsel of Defendants InterDigital, Inc., and InterDigital Madison Patent Holdings, SAS,. I will maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

*/s/ Christopher S. Marchese*
Christopher S. Marchese

24