Richard A. Kamprath (admitted *pro hac vice*)
rkamprath@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Nancy Olson (SBN 260303)
nsolson@olsonstein.com
David Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane, #301
Newport Beach, CA 92663
Telephone: (310) 916-7433

*Additional Counsel in signature block
Attorneys for Defendants and Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION LOS ANGELES**

| | |
|---|---|
| DOLBY LABORATORIES, INC.; DOLBY LABORATORIES LICENSING CORP.; AND DOLBY INTERNATIONAL, <br><br> Plaintiffs, <br><br> v. <br><br> INTERDIGITAL, INC. AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS, <br><br> Defendants. | ) **Case No. 2:26-cv-02269-WLH-BFM** <br> ) <br> ) **DECLARATION OF RICHARD A.** <br> ) **KAMPRATH IN SUPPORT OF** <br> ) **OPPOSITION TO DOLBY'S** <br> ) **MOTION TO DISMISS AND** <br> ) **STRIKE UNDER FED. R. CIV. P.** <br> ) **12(b)(6) AND 12(f)** <br> ) <br> ) Judge: Hon. Wesley L. Hsu <br> ) Courtroom: 9B <br> ) Hearing Date: September 4, 2026 <br> ) Hearing Time: 1:30 p.m. <br> ) |

-1-

KAMPRATH  DECL. ISO OPP. TO MTD                    Case No. 2:26-cv-02269-WLH-BFM

I, Richard A. Kamprath, hereby declare:

1.      I am an attorney at the law firm of McKool Smith, P.C. and counsel in this action for InterDigital. I submit this declaration in support of InterDigital's Opposition to Dolby's Motion to Dismiss and Strike.

2.      Attached as **Exhibit 1** is a true and correct copy of a July 1, 2016 Response to Office Action submitted by Dolby to the U.S.P.T.O. regarding the patent application that issued as U.S. Patent No. 9,532,022.

3.      Attached as **Exhibit 2** is a true and correct copy of the parties' post meet and confer email chain, dated June 29 through July 9, 2026, in which counsel for InterDigital and counsel for Dolby continued to discuss whether motion practice concerning InterDigital's second counterclaim was necessary, or whether other resolution could be reached based on what Dolby's representations concerning what it believed to be part of the DJ action.

4.      Through the email correspondence, InterDigital sought to understand whether Dolby agreed that direct infringement by Disney would necessarily be resolved as part of Dolby's DJ action absent InterDigital's counterclaim. Although Disney stated its intention to be bound by the outcome of this action, Dolby believes the question of direct infringement by *a* customer, not Disney specifically, is part of the case. When InterDigital asked Dolby to confirm that, "if this is a true customer-suit case, Dolby would be liable for 'damages that would be assessed had the patentee sued and obtained a judgment against the customers,'" *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 859 (Fed. Cir. 2006), but Dolby declined to respond, stating that the question of who is responsible for damages is "not germane to whether the counterclaim, as pleaded is legally cognizable now." This question relates to whether and to what extent Dolby's proposed DJ action, including its shifting targets, will resolve questions germane to the Disney action (*e.g.*, Disney's direct infringement, who is responsible for damages as between software provider and customer) if any efficiencies are to be gained by litigating

-2-

those issues here, even if liability and damages are bifurcated.

5.      Attached as **Exhibit 3** is a demonstrative that provides an illustrative decision tree showing how various decisions made by a colorist impact the infringement analysis. This demonstrative was created to help illustrate why the customer matters for the infringement analysis (*i.e.*, how Disney performs color correction can differ from how other, unknown Dolby customers perform color correction). Since software cannot directly infringe, the infringement analysis must consider the method steps as performed by a software user such as Disney.

6.      For example, whether a user begins the process with monitors that have or do not have reference and non-reference gamuts; whether the initial footage is SDR or HDR; and whether and to what extent a colorist elects to perform color grading will all vary by the software user and particular project. That both example paths use Dolby Vision as part of metadata creation does not change the underlying choices that determine infringement. The nearly completed discovery in the now-stayed Disney action pertains to Disney's workflows using Dolby Vision, not any other Dolby customer. InterDigital's counterclaim concerning Disney's direct infringement, as defended by Dolby, is necessary to resolve the underlying question of direct infringement by Disney. Having a standalone counterclaim on this basis will ensure the question is answered without regard to the Dolby-specific conditional counterclaim or what other customers do. Answering this question on the merits here will ensure that it does not need to be litigated back in the Disney case after Dolby-specific questions (*e.g.*, Dolby's mens rea, Dolby Vision non-infringing uses) are answered here.

7.      AI was used in the preparation of this brief. I certify that members of my team under my supervision have reviewed the source material and verified the accuracy of all content and each citation in the filing. In preparing the brief, AI was used for spelling check, grammar check, phrasing/word tense check, as well as case law research. All citations, quotations, and/or parentheticals have been double

-3-

checked by at least two attorneys before filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2026, in Dallas, Texas.

Respectfully submitted,

*/s/ Richard A. Kamprath*
Richard A. Kamprath

KAMPRATH DECL. ISO OPP. TO MTD                    Case No. 2:26-cv-02269-WLH-BFM