IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC., AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br><br>Defendants. | Case No. 2:26-cv-02269-WLH (BFMx)<br><br>**STANDING PROTECTIVE ORDER FOR CASES ASSIGNED TO JUDGE WESLEY L. HSU (MODIFIED)**<br><br>District Judge: Wesley L. Hsu<br><br>Magistrate Judge: Brianna Fuller Mircheff |
| INTERDIGITAL, INC. AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br><br>Counterclaim Plaintiffs.<br><br>v.<br><br>DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Counterclaim Defendants. | |

**A. PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Local Rule 79-5.1 and this Order if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**B. DESIGNATING PROTECTED MATERIAL**

**(a) Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator" or "designating party") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not

qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**(b) Manner and Timing of Designation.** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to twenty-one (21) days from the deposition or proceeding to make its designation.

**i.** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**ii.** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before

the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the twenty-one (21) day period, the transcript shall be treated only as actually designated.

**(c) Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## C. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

## D. ACCESS TO DESIGNATED MATERIALS

**(a) Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**(b) Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**i.** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**ii.** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound. (*See* Ex. A-1).

**iii.** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound. (*See* Ex. A-1).

**iv.** The Court and its personnel.

**v.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound. (*See* Ex. A-1); and

**vi.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**(c) Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**i.** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**ii.** The Court and its personnel;

**iii.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A-1); and

**iv.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**(d) Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL–SOURCE CODE Material to In-House Counsel or Experts.** Unless agreed to in writing by the designator:

**i.** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and

reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

**ii.** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**iii.** A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party

receives a written objection from the designator providing detailed grounds for the objection.

**iv.** All challenges to objections from the designator shall proceed under Magistrate Judge Mircheff's procedures for discovery motions stated on Magistrate Judge Mircheff's web page at https://apps.cacd.uscourts.gov/Jps/honorable-brianna-fuller-mircheff.

**E. <u>SOURCE CODE</u>**

**(a) Designation of Source Code**. If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

Where a document such as a brief, expert report, or contention quotes source code material, either (1) the source code material shall be redacted from any page containing the quotation and the document treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or (2) the source code material shall not be redacted and the document treated as HIGHLY CONFIDENTIAL – SOURCE CODE. Absent the designator's prior written consent (not to be unreasonably withheld), no such document shall quote more than three hundred (300) consecutive lines of source code, and the excerpt shall be limited to what is reasonable to support the point being made.

**(b) Location and Supervision of Inspection.** Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location. The source code shall be made available for inspection on two secured, stand-alone computers in one or more secured rooms in the same location (e.g., two computers available for InterDigital's inspection at Fish's Redwood City office), and the inspecting party shall not copy, remove or otherwise transfer any portion of the source code onto any recordable media or recordable device. The source code computers shall be stand-

alone machines that are not connected to any network, including a local area network, an intranet, or the Internet, and shall be configured to prevent editing or modifying of the source code. The stand-alone computers shall have disk encryption and be password protected. No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, peripheral equipment, cameras, or drives of any kind, shall be permitted into the room where the source code is inspected. All persons entering the room must agree to submit to reasonable security measures to confirm they are not carrying any prohibited items before being given access. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the source code computer, and access may be denied, at the designator's discretion, to any individual who fails to provide it. The inspecting party shall provide at least two (2) business days' advance notice before accessing the source code, together with a list of the names of the persons who will conduct the inspection. One note-taking computer per receiving party may be used in the review room, provided it is not used to copy source code. The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes. For the avoidance of doubt, file names and directory paths may be recorded. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying or transmission of the source code.

**(c) Paper Copies of Source Code Excerpts.** The inspecting party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers or for deposition or trial. The designator shall provide all such source code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE," printed on pre-Bates-numbered, watermarked paper supplied by the designator. Within three (3) business days of the request, the designator shall either

(i) provide five (5) copy sets of the requested pages, or (ii) inform the requesting party that it objects on the ground that the printed portions are excessive or not sought for a permitted purpose. If the parties cannot resolve any such objection after meeting and conferring, the receiving party shall seek Court resolution within three (3) business days of the objection. Absent the designator's prior written approval (not to be unreasonably withheld, and to be granted or denied within three (3) business days of the request), the receiving party shall not request to print more than thirty (30) consecutive pages, or more than seven hundred and fifty (750) pages in total, of the designator's source code over the course of the action. The receiving party may not photocopy the source code printouts, except as needed for Court filings and proceedings, expert reports, contentions, and depositions; copies may not be made for the purpose of review outside the room where the stand-alone computers are located. All copies of any source code printouts, in whatever form, shall be securely destroyed once they are no longer in use.

**(d) Access Record**. The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format, including without limitation by scanning, using the optical character recognition (OCR) functionality, or photographing, other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the source code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders, with any source code redacted. Source code printouts may be temporarily kept at (i) the Court for proceedings relating to the source code, (ii) deposition sites, for the dates of the deposition, and (iii) any intermediate location reasonably necessary to transport the

printouts (e.g., a hotel before a hearing or deposition). Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual; the deposition record shall instead identify the exhibit by its production number, unless the designator agrees otherwise.

Source code material may be transported by the receiving party only by hand carry, Federal Express, or other similarly reliable courier, and only between persons authorized to receive it under this Order. Source code material may not be transported or transmitted electronically over any network, including a LAN, an intranet, or the Internet, except for the transmission and/or preparation of contentions, expert reports, sealed court filings, or other documents that must be filed or served electronically under the Court's rules or orders, and any such electronic transmission remains subject to the restrictions of this Order.

**(e) Search and Analysis Tools**. Upon reasonable request from the receiving party, the designator will make reasonable efforts to install search and analysis tools appropriate to the type of source code produced. The receiving party shall identify the licensed software tools it wishes to have installed at least seven (7) business days before it intends to use the source code computers with those identified software tools, and shall provide a properly licensed copy of any requested software (which may be provided by hyperlink, on a USB storage device, or through another medium). Any costs of acquiring licenses for requested tools shall be borne by the receiving party. The designator shall not unreasonably withhold installation of a requested tool. If, after meeting and conferring, the parties cannot resolve a dispute over installation or use of a tool, the receiving party may seek Court intervention within three (3) days.

The following software tools are pre-approved for use on the source code computers; no party warrants the functionality or compatibility of any listed tool with the source code at issue, and the parties will meet and confer regarding any needed substitutions or updated versions: SlickEdit; Understand; Beyond Compare; Adobe

Acrobat Pro; Eclipse; Cygwin; Notepad++; PowerGrep; PowerShell; CLOC; Microsoft Office; Microsoft Visual Studio Code; Vim; and Sublime Text.

**F. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

**(a) Subpoenas and Court Orders.** This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**(b) Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that party in this action and designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must do the following:

**i.** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order.

**ii.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

**iii.** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**(c) Wait For Resolution of Protective Order.** If the designator promptly seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall

bear the burden and expense of seeking protection of its confidential material in that court.

**G. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound. (Exhibit A-1).

**H. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Fed. R. Evid. 502(d) and (e).

**I. FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with Local Rule 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests

for under seal filing is essential. Accordingly, counsel are ordered to meet and confer in person or by telephone at least seven (7) calendar days prior to the filing of an application wherein the basis for the sealing is that it has been deemed confidential by the other party. Not later than two (2) calendar days after the meet and confer process, the opposing party shall confirm whether such information shall be designated as confidential or whether it can be made available to the public. Such an application shall contain the dates and method by which the parties met and conferred otherwise it will be denied without prejudice to an amended application being filed after counsel have completed this process. If a receiving party's request to file designated material under seal pursuant to Local Rule 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four (4) days of the denial, or (2) as otherwise instructed by the Court. *See supra* 11., p. 18.

**J. <u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

**IT IS SO ORDERED.**

Dated: September 4, 2026

HON. BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A-1**

**AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name]. of ______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on ________ [date] in the case of ____________ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____________________________ [print or type full name] of ____________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: ________________

City and State where sworn and signed: _________________________________

Printed name: ______________________

[printed name]

Signature: __________________________

[signature]