Richard A. Kamprath (admitted *pro hac vice)*
rkamprath@bkbclaw.com
**Budwin Kamprath Burgess Campbell PLLC**
6355 Vanderbilt Ave.
Dallas, TX 75214
Phone: 817.398.5704

Nancy M. Olson (SBN 260303)
nolson@olsonstein.com
David M. Stein (SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 310.916.7433

*Additional Counsel listed in signature block
*Attorneys for InterDigital*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION LOS ANGELES**

DOLBY LABORATORIES, INC., *et al.*,
Plaintiffs,
v.
INTERDIGITAL, INC., *et al*,
Defendants.

INTERDIGITAL, INC., *et al*,
Counterclaim Plaintiffs
v.
DOLBY LABORATORIES, INC., *et al.*,
Counterclaim Defendants

Case No. 2:26-cv-02269-WLH-BFM

**DEFENDANTS' RENEWED APPLICATION FOR LEAVE TO FILE LIMITED PORTIONS OF MOTION AND EXHIBIT UNDER SEAL**

*[Filed concurrently with Sealed Declaration of Richard A. Kamprath, Redacted Version of Documents to be Filed Under Seal, Unredacted Version of Documents Proposed to be Filed Under Seal, and [Proposed] Order]*

## I. Introduction

Defendants and Counterclaim Plaintiffs InterDigital, Inc., and InterDigital Madison Patent Holdings, SAS, (collectively, "InterDigital") respectfully submit this Renewed Application for Leave to File Under Seal Limited Portions of an Exhibit previously filed in connection with an application to seal denied without prejudice by Order of the Court. *See* ECF No. 82-1 (unredacted Exhibit); ECF No. 99 at 22-23 (denying application to seal and noting requirement to meet and confer to "attempt to eliminate or minimize the need for filing under seal by means of redaction"), as well as limited portions of the accompanying Motion that reference such limited portions of the exhibit, and limited portions that fall under a prior sealing Order (*Disney*, Dkt. 217). The exhibit, entitled "Attachment A," is an attachment Dolby served on InterDigital as part of Dolby's Responses and Objections to InterDigital's Interrogatory No. 2. *See* ECF No. 80-1. The prior application to seal sought to file under seal the exhibit in its entirety.

As described in the accompanying declaration, in an attempt to eliminate or minimize the need for filing under seal, the parties conducted a further virtual meet and confer on October 16, 2026, as well as conducted further discussions via email, to agree on minimal proposed redactions in connection with this renewed application to seal. Based on those updated discussions, InterDigital renews its request and seeks leave to file under seal only limited portions of the exhibit that contain Highly Confidential information relating to Dolby's source code, as well as limited portions of the Motion referencing such material.

## II. Discussion

Pursuant to Local Rule 79-5.2.2(b), InterDigital seeks to file under seal limited portions of Dolby's "Attachment A," which has been filed (redacted) as Exhibit D in support of InterDigital's Motion to Sever and Consolidate, as well as limited portions of the Motion referencing the proposed sealed material, and limited portions that fall under a prior sealing Order (*Disney*, Dkt. 217). Dolby

served Attachment A in connection with its Response and Objections to InterDigital's Interrogatory No. 2. Dolby, as the designating party, will submit an additional supporting declaration.

Federal Rule of Civil Procedure 26(c)(1)(G) authorizes courts to protect confidential business information from public disclosure. When material proposed to be sealed is submitted in connection with a non-dispositive matter, as is the case here, the good cause standard applies. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006).

There is good cause to seal the limited requested portions of Exhibit D and accompanying portions of the Motion, which are narrowly tailored to protect source code-related material. Dolby designated the document as HIGHLY CONFIDENTIAL – SOURCE CODE & ATTORNEYS' EYES ONLY pursuant to the Protective Order. As will be further detailed in Dolby's forthcoming declaration in support of sealing as the designating party, Dolby applied these designations because those materials contain non-public information regarding Dolby's business operations, licensing activities, and other information Dolby deems sensitive, in particular source code and metadata-related technical information. Public disclosure of this highly confidential information could result in competitive harm to Dolby if disclosed. *See* Sealed Kamprath Declaration, attaching unredacted version of Motion and Exhibit D. Therefore, good cause supports keeping the narrowly tailored proposed redactions under seal.

As compared with the prior application to seal, which sought to seal the exhibit in its entirety, through working collaboratively with Dolby and Disney, InterDigital now limits its sealing request to only those portions of the exhibit that Dolby maintains contain highly confidential source code and metadata-related technical information. Specifically, InterDigital requests, on behalf of Dolby, that the following minimal portions of the exhibit and corresponding portions of the Motion be maintained under seal.

| Portion Proposed to Be Sealed: | Basis for Sealing: |
|---|---|
| Exhibit D, Pages 10-11[1], yellow highlighted[2] portion beginning at the second paragraph of page 10 into the first full sentence of page 11, and one reference in the middle of page 11. | Contains sensitive business information discussing source code inner workings and applications that would cause competitive harm if released publicly. |
| Exhibit D, Pages 18-20, yellow highlighted portion beginning near the bottom of page 18, and continuing throughout portions of page 19, into the top of page 20. | Contains sensitive business information discussing source code inner workings and applications that would cause competitive harm if released publicly. |
| Exhibit D, Page 25, yellow highlighted portion in the first line. | Contains sensitive business information discussing confidential processes and techniques that would cause competitive harm if released publicly. |
| Exhibit D, Pages 26-27, yellow highlighted portion covering the last paragraph of page 26 and first two lines of page 27. | Contains sensitive business information discussing source code inner workings and applications that would cause competitive harm if released publicly. |
| Exhibit D, Page 32, yellow | Contains sensitive business information |

[1] The page number references refer to the original internal pagination of the document noted at the bottom center of each page.

[2] The orange highlighted portions reflect material InterDigital wished to highlight as part of its Exhibit, not sealing requests. Only the yellow highlighted material reflects sealing requests as set forth in detail in this table.

| Portion Proposed to Be Sealed: | Basis for Sealing: |
|---|---|
| highlighted portion within first paragraph. | discussing metadata inner workings and applications that would cause competitive harm if released publicly. |
| Exhibit D, Page 33, yellow highlighted portion of second paragraph. | Contains sensitive business information discussing source code inner workings and applications that would cause competitive harm if released publicly. |
| Exhibit D, Page 37, yellow highlighted portion near the bottom of the page. | Contains sensitive business information discussing source code inner workings and applications that would cause competitive harm if released publicly. |
| Exhibit D, Page 45, yellow highlighted portion near the middle of the page. | Contains sensitive business information discussing metadata inner workings and applications that would cause competitive harm if released publicly. |
| Motion to Consolidate, page 3, portions of lines 20 through 22 and 25 through 26 | Subject to sealing under and prior sealing Order. *See Disney*, Dkt. 217 (sealing order re Final Infringement Contentions redactions). The cited portions correspond to the sealed portions of Exhibit 1 in the sealing order. |
| Motion to Consolidate, page 9, portions of lines 1 through 3, 9 | References the sensitive business information from Exhibit D above that |

| Portion Proposed to Be Sealed: | Basis for Sealing: |
|---|---|
| through 11, and 21 through 23; page 10, portions of line 1. | discusses metadata inner workings and applications that would cause competitive harm if released publicly. |

The Court should grant the application to seal because the request is narrowly tailored to redact only a handful of limited portions of the 56-page document that refer to highly sensitive source code and metadata-related information, as well as very limited portions of the brief referencing this material, and limited portions of the brief referencing material previously sealed. The proposed redactions are no greater than necessary to protect Dolby's and Disney's confidentiality interests. As the designating party for the new requests, Dolby will further address the basis for maintaining sealing in its upcoming supporting declaration pursuant to Local Rule 79-5.2.2(b).

Dated: October 19, 2026

Respectfully submitted,

*/s/ Richard A. Kamprath*

Richard A. Kamprath (admitted *pro hac vice*)
rkamprath@bkbclaw.com
**BUDWIN KAMPRATH BURGESS CAMPBELL PLLC**
6355 Vanderbilt Ave
Dallas, Texas 75214
Phone: 737.214.6402

Joshua W. Budwin (admitted *pro hac vice*)
jbudwin@bkbclaw.com
**BUDWIN KAMPRATH BURGESS CAMPBELL PLLC**
5517 Laceback Terrace
Austin, TX 78738

Phone: 267.251.2874

Kevin Burgess (admitted *pro hac vice*)
kburgess@bkbclaw.com
**BUDWIN KAMPRATH BURGESS CAMPBELL PLLC**
508 Oakwood Estates Blvd.
Marshall, TX 75672
Phone: 512.626.7253

Nancy M. Olson (CA SBN 260303)
nolson@olsonstein.com
David M. Stein (CA SBN 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 310.916.7433

*Attorneys for InterDigital*