Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (949) 623-7640 / Fax: (858) 678-5099

*Additional Counsel listed on last page*

Attorneys for Plaintiffs and Counterclaim Defendants
*Dolby Laboratories, Inc.,*
*Dolby Laboratories Licensing Corp.,*
*and Dolby International AB*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Plaintiffs,<br><br>v.<br><br>INTERDIGITAL, INC. AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br>Defendants. | Case No. 2:26-cv-02269-WLH-BFM<br><br>District Judge: Wesley L. Hsu<br><br>Magistrate Judge: Brianna Fuller Mircheff<br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS' CORRECTED CONDITIONAL COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |
| INTERDIGITAL, INC. AND INTERDIGITAL MADISON PATENT HOLDINGS, SAS,<br><br>Counterclaim Plaintiffs.<br>v.<br><br>DOLBY LABORATORIES, INC., DOLBY LABORATORIES LICENSING CORP., AND DOLBY INTERNATIONAL AB,<br><br>Counterclaim Defendants, | |

Plaintiffs Dolby Laboratories, Inc., Dolby Laboratories Licensing Corp., and Dolby International AB ("Plaintiffs" or "Dolby"), by and through their counsel of record, hereby answers "Defendants' Answer to Complaint, Affirmative Defenses, and Conditional Counterclaims [Corrected]" filed on July 1, 2026 (ECF. No. 53) by Defendants InterDigital, Inc., and InterDigital Madison Patent Holdings, SAS ("Defendants" or "InterDigital").

Except as expressly admitted herein, Dolby denies each and every allegation of InterDigital's Counterclaims—including the headings, footnotes, and captions—not specifically admitted to or that Dolby has not otherwise responded to in this Answer. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts.[1]

## <u>CONDITIONAL COUNTERCLAIMS</u>

59. Paragraph 59[2] sets forth conclusions of law to which no response is required. To the extent a response is required, Dolby admits that InterDigital moved to dismiss Dolby's Complaint for lack of standing and subject matter jurisdiction, and that the Court denied InterDigital's motion. ECF No. 44. Dolby denies any remaining allegations in Paragraph 59 of InterDigital's "Conditional" Counterclaims, including the allegation that the Court lacks subject matter jurisdiction.

60. On information and belief, Dolby admits that Counterclaim-Plaintiff InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, Delaware 19809.

---

[1] Dolby interprets any headings to provide a roadmap to the allegations and not as allegations themselves. Dolby therefore does not provide a specific response to the headers. To the extent a response is required, Dolby denies any allegations contained therein. Dolby repeats the headings and subheadings from InterDigital's Counterclaims only for ease of reference.

[2] InterDigital's Conditional Counterclaims ("Counterclaims") begin at Paragraph 59. *See* ECF No. 53 at 12.

61. On information and belief, Dolby admits that Counterclaim-Plaintiff InterDigital Madison Patent Holdings, SAS is a French société par actions simplifiée (simplified joint stock company) with its principal place of business at 3 Rue du Colonel Moll, Paris, France 75017, and is a wholly owned subsidiary of InterDigital, Inc.

62. Dolby admits that Dolby Laboratories, Inc. is a Delaware corporation with headquarters at 1275 Market Street, San Francisco, California 94103.

63. Dolby admits that Dolby Laboratories Licensing Corp. is a New York corporation with its headquarters at 1275 Market Street, San Francisco, California 94103, and is an indirect, wholly-owned subsidiary of Dolby Laboratories, Inc. Dolby also admits that Dolby Laboratories Licensing Corp. is a licensing entity for Dolby Vision.

64. Paragraph 64 sets forth legal conclusions to which no response is required. To the extent a response is required, Dolby admits that InterDigital's Counterclaims purport to assert counterclaims relating to infringement and validity of the '268 patent. On October 13, 2026, the Court dismissed InterDigital's second and third counterclaims. ECF No. 99. For purposes of this action only, Dolby does not contest that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction arising from the patent laws under 28 U.S.C. § 1338.

65. Paragraph 65 sets forth legal conclusions to which no response is required. To the extent a response is required and solely for the purpose of this action, Dolby does not contest personal jurisdiction in this District. Dolby admits that it conducts business in this District, maintains its headquarters in California, and has filed lawsuits in this District, including two declaratory relief lawsuits adverse to InterDigital. Dolby denies any remaining allegations in Paragraph 65 of InterDigital's Counterclaims, including that suing InterDigital in this District has caused any harm to InterDigital.

66. Paragraph 66 sets forth legal conclusions to which no response is required. To the extent a response is required and solely for the purpose of this action, Dolby does not contest that venue is proper in this District. Dolby admits that it has filed claims against InterDigital concerning the '268 patent. Dolby otherwise denies the remaining allegations in Paragraph 66 of InterDigital's Counterclaims. Dolby also incorporates its previous response to Paragraph 65 as if fully set forth herein.

67. Paragraph 67 sets forth conclusions of law to which no response is required. To the extent a response is required, Dolby admits that U.S. Patent No. 9,185,268 (the "'268 patent") issued on November 10, 2015, is titled "Methods and Systems for Displays with Chromatic Correction with Differing Chromatic Ranges," contains the quoted language in the patent abstract, and includes two independent claims, claims 1 and 6, which are method claims. Dolby admits that InterDigital asserted at least claims 1 and 6 of the '268 patent against Disney in the Disney action, Case No. 2:25-cv-00895-WLH-BFM. Dolby denies the remaining allegations in Paragraph 67 of InterDigital's Counterclaims.

68. Paragraph 68 sets forth conclusions of law to which no response is required. To the extent a response is required, Dolby is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of InterDigital's Counterclaims and therefore denies them.

69. Paragraph 69 sets forth conclusions of law to which no response is required. To the extent a response is required, Dolby denies the allegations in Paragraph 69 of InterDigital's Counterclaims.

70. Dolby admits that it develops and owns Dolby Vision, and that Dolby licenses use of Dolby Vision to Disney. Dolby also admits that it licenses use of Dolby Vision to customers other than Disney. Dolby otherwise denies any remaining allegations in Paragraph 70 of InterDigital's Counterclaims.

71. On information and belief, Dolby admits that Disney and other Dolby Vision licensees use Dolby Vision in connection with color correcting videos that are

made available to consumers through streaming platforms. Dolby otherwise denies any remaining allegations in Paragraph 71 of InterDigital's Counterclaims.

72. Paragraph 72 sets forth legal conclusions to which no response is required. Dolby admits that the quoted language in paragraph 72 appears in the cited case. Dolby admits that InterDigital purports to allege that Disney directly infringes the '268 patent through Disney's use of Dolby Vision. Dolby also admits that it is InterDigital's burden to prove infringement, whether indirect or direct. To the extent further response is required, Dolby denies any remaining allegations in Paragraph 72 of InterDigital's Counterclaims, including that "Dolby is defending the direct infringement allegation against Disney." *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief).

73. Paragraph 73 sets forth conclusions of law to which no response is required. To the extent a response is required, Dolby admits that InterDigital's actions and allegations against Dolby Vision, including accusing Dolby Vision for every element of the asserted claims, have created a concrete, actual, and immediate justiciable controversy between Dolby and InterDigital, such that it supports jurisdiction to bring this declaratory relief action against InterDigital. Dolby otherwise denies the allegations in Paragraph 73 of InterDigital's Counterclaims, including specifically denying that use of Dolby Vision infringes the '268 patent.

## FIRST COUNTERCLAIM

## (INDIRECT INFRINGEMENT OF THE '268 PATENT BY DOLBY)

74. No response is required to the incorporation by reference of paragraphs 59–73. To the extent a response is required, Dolby re-alleges and incorporates by reference each of its previous responses to each incorporated allegation as if fully set forth herein.

75. Denied.

76. Dolby admits that, in support of finding jurisdiction over Dolby's declaratory judgment action, it told the Court that InterDigital's '268 patent claim charts against Disney "establish an implicit allegation of inducement or contributory infringement, both of which are present here and either of which is sufficient to establish declaratory judgment jurisdiction." ECF No. 33 at 9. Dolby denies any remaining allegations in Paragraph 76 of InterDigital's Counterclaims.

77. Dolby admits that, in denying InterDigital's Motion to Dismiss, the Court found that "Dolby Adequately Alleges a Case or Controversy Relating to the Threat of an Indirect Infringement Suit by Inter[D]igital." ECF No. 44 (Order Denying MTD) at 5. Dolby also admits that ECF No. 44 states that "[t]he Court construe[d] Dolby's Complaint as focusing on the threat of an indirect (induced and/or contributory) infringement claim, however[,]" *id*. at 6 (emphasis in original), and "conclude[d] that Dolby has good reasons to fear that it might be liable for contributory infringement." *Id*. at 7 (quotations omitted). Dolby denies any remaining allegations in Paragraph 77 of InterDigital's Counterclaims.

78. Dolby admits that the Court's Order on InterDigital's Motion to Dismiss (ECF No. 44), denying InterDigital's motion to dismiss this action, recognized Dolby's assertion that InterDigital's infringement claim charts for the '268 patent target Dolby's Dolby Vision workflow and accuse Disney of infringement solely by virtue of Disney's incorporation and use of Dolby Vision. Dolby admits that it had knowledge of InterDigital's alleged infringement before filing its Complaint. *See* ECF No. 44 at 9. Dolby denies InterDigital's characterizations of ECF No. 44, and further denies any remaining allegations in Paragraph 78 of InterDigital's Counterclaims.

79. Denied.

80. Dolby denies that it has conceded any position regarding substantial non-infringing uses of Dolby Vision. Dolby also denies that the existence of substantial non-infringing uses eliminates the controversy concerning InterDigital's contributory

infringement allegations Dolby Vision for every element of the asserted claims. Dolby denies any remaining allegations in Paragraph 80 of InterDigital's Counterclaims.

81. Dolby admits that it receives revenue from licensing Dolby Vision to Disney. Dolby denies any remaining allegations in Paragraph 81 of InterDigital's Counterclaims.

82. Denied.

83. Denied.

84. Paragraph 84 sets forth conclusions of law to which no response is required. To the extent a response is required, Dolby denies the allegations in Paragraph 84 of InterDigital's Counterclaims.

## SECOND COUNTERCLAIM

## (DIRECT INFRINGEMENT BY DISNEY, AS WILL BE DEFENDED BY DOLBY ACCORDING TO ITS REPRESENTATIONS AND CLAIMS)

85. Paragraph 85 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

86. Paragraph 86 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

87. Paragraph 87 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second

Counterclaim with prejudice and striking its sought relief). No response is therefore required.

88. Paragraph 88 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

89. Paragraph 89 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

90. Paragraph 90 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

91. Paragraph 91 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

92. Paragraph 92 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

93. Paragraph 93 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

94. Paragraph 94 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

95. Paragraph 95 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

96. Paragraph 96 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

97. Paragraph 97 relates to InterDigital's Second Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 20–22 (dismissing InterDigital's Second Counterclaim with prejudice and striking its sought relief). No response is therefore required.

## **THIRD COUNTERCLAIM**

## **(DECLARATION OF PATENT VALIDITY)**

98. Paragraph 98 relates to InterDigital's Third Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 22 (dismissing InterDigital's Third Counterclaim with prejudice). No response is therefore required.

99. Paragraph 99 relates to InterDigital's Third Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 22 (dismissing InterDigital's Third Counterclaim with prejudice). No response is therefore required.

100. Paragraph 100 relates to InterDigital's Third Counterclaim, which the Court dismissed with prejudice. *See* ECF No. 99, Order re Plaintiffs' Motion to Dismiss Defendants' Counterclaims at 22 (dismissing InterDigital's Third Counterclaim with prejudice). No response is therefore required.

## JURY DEMAND

Dolby demands a jury trial on all issues so triable under Rule 38, without conceding that any particular claim or remedy is jury-triable, and reserves all rights under Rule 39(a)(2).

## PRAYER FOR RELIEF

Dolby denies that InterDigital is entitled to any relief sought in its Counterclaims and Prayer for Relief or otherwise, and requests that the Court deny all relief to InterDigital, including that requested by InterDigital in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Further answering InterDigital's remaining counterclaim, Dolby asserts the following defenses without assuming any burden that Dolby would not otherwise have, including without admitting or acknowledging that Dolby bears the burden of proof as to any of them. Dolby reserves the right to amend its answer to InterDigital's counterclaim with additional defenses as more information is obtained. Dolby also sets forth these defenses without waiver, limitation, or prejudice to the denials set

forth in its answer to InterDigital's counterclaim and without admitting any allegation of the counterclaim not expressly admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-Infringement of the '268 patent)**

Dolby has not infringed and does not infringe, under any theory of infringement, any valid, enforceable claim of the '268 patent, either literally or under the doctrine of equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity of the '268 patent)**

Each asserted claim of the '268 patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

InterDigital's counterclaim fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

Should Dolby be found to infringe any valid, enforceable claim of the '268 patent, Dolby's conduct was not willful.

**FIFTH AFFIRMATIVE DEFENSE**

**(Not an Exceptional Case)**

Dolby's actions in relation to this suit do not give rise to an exceptional case finding under 35 U.S.C. § 285

**SIXTH AFFIRMATIVE DEFENSE**

**(Limitations on Damages)**

InterDigital's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. InterDigital is barred from recovering costs in this action under 35 U.S.C. § 288.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Prior Art)**

To the extent InterDigital relies on the doctrine of equivalents to allege infringement, InterDigital's claims are barred because the asserted scope of the equivalents encompasses or ensnares the prior art.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Increased Damages)**

Should Dolby be found to infringe any valid, enforceable claim of the '268 patent, InterDigital is precluded from recovering increased damages under 35 U.S.C. § 284 as such alleged infringement was not willful.

**NINTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

InterDigital's is estopped from construing the claims of the '268 patent in a way that may cover Dolby's activities by the doctrine of prosecution history estoppel and/or disclaimer based on amendments, statements, representations, and/or admissions made during prosecution of the patent application resulting in the '268 patent.

**TENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

InterDigital is not entitled to injunctive relief because any injury to InterDigital is not immediate or irreparable, because InterDigital has an adequate remedy at law, because public interest would be disserved by an injunction, and because the balance of equities does not favor InterDigital.

Dated: October 27, 2026

FISH & RICHARDSON P.C.

*/s/ Madelyn S. McCormick*

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (949) 623-7640
Fax: (858) 678-5099

John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Aleksandr Gelberg (SBN 279989)
gelberg@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Alex Yu (SBN 334963)
yu@fr.com
Linda Chang (SBN 363647)
chang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Adam R Shartzer (*Admitted Pro Hac Vice)*
shartzer@fr.com
James H.S. Young (*Admitted Pro Hac Vice)*
jyoung@fr.com
FISH & RICHARDSON P.C
1000 Maine Ave. Ste. 1000
Washington, D.C., 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Tae Hong (*Admitted Pro Hac Vice)*
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st Floor

Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

Joshua H. Park (*Admitted Pro Hac Vice*)
jpark@fr.com
FISH & RICHARDSON P.C.
909 Fannin St., Ste.2100
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Attorneys for Plaintiffs
and Counterclaim Defendants
*Dolby Laboratories, Inc.,*
*Dolby Laboratories Licensing Corp.,*
*and Dolby International AB*